In the Matter of the Will of WILLIAM E. WOOLLARD, Deceased.
ERNEST B. MORRIS et al., Individually and as Trustees under the Will of WILLIAM E. WOOLLARD, Deceased, et al., Appellants; HARRIET H. WOOLLARD et al., Respondents.

Argued March 6, 1946; decided June 13, 1946.

*Stanley H. Fuld, Burr F. Coleman* and *Edward G. Dillon* for Ernest B. Morris and another, appellants. I. The life beneficiary does not have an absolute right in her untrammeled discretion to demand all of the principal. The will does not grant an absolute gift of the residuary estate to the widow nor does it grant her " an absolute right " to all of the trust corpus upon demand. (*Vincent* v. *Rix*, 248 N. Y. 76; *Matter of Briggs,* 101 Misc. 191, 180 App. Div. 752, 223 N. Y. 677; *Matter of Ithaca Trust Co.,* 220 N. Y. 437; *Peck* v. *Smith,* 183 App. Div. 336, 227 N. Y. 228; *Terry* v. *Rector, St. Stephen's Church,* 79 App. Div. 527; *Wells* v. *Seeley,* 47 Hun 109; *Matter of Hadden,* 178 Misc. 939; *Matter of Smith,* 170 Misc. 556; *Bevans* v. *Murray,* 251 Ill. 603; *Carpenter* v. *Lothringer,* 224 Iowa 439; *Merchants Trust Co.* v. *Russell,* 260 Mass. 162; *Quarton* v. *Barton,* 249 Mich. 474; *Johnson* v. *Johnson,* 51 Ohio St. 446; *Tyson's Estate,* 191 Pa. St. 218; *Degenkolv* v. *Daube,* 143 Pa. Supp. 579.) II. The will does not grant the beneficiary an " absolute " or unlimited discretion, but contemplates the exercise of good faith and honest judgment in determining the necessity for invasion of the corpus. (*Vincent* v. *Rix*, 248 N. Y. 76; *Matter of Briggs,* 101 Misc. 191, 180 App. Div. 752, 223 N. Y. 677; *Peck* v. *Smith,* 183 App. Div. 336, 227 N. Y. 228; *Matter of Hadden,* 178 Misc. 939; *Matter of Smith,* 170 Misc. 556; *Johnson* v. *Johnson,* 51 Ohio St. 446.) III. In computing the amount of principal to be paid, the beneficiary's entire income — from other sources as well as from the trust — must be taken into account. Since respondent receives more than $20,000 a year — the amount which she asserted she requires for her maintenance, comfort

and well being — she is not entitled to any of the principal (*Matter of Martin,* 269 N. Y. 305; *Matter of Gatehouse,* 149 Misc. 648; *Holden* v. *Strong,* 116 N. Y. 471; *Rezzemini* v. *Brooks,* 236 N. Y. 184.) IV. The gift provided for is of income with a conditional right of invasion. (*Matter of Martin,* 269 N. Y. 305; *Matter of Hogeboom,* 219 App. Div. 131; *Matter of Hoepner,* 176 Misc. 47; *Matter of Kelly,* 166 Misc. 774; *Matter of Johnson,* 123 Misc. 834; *Matter of Niles,* 122 Misc. 17, 211 App. Div. 826; *Peckham* v. *Newtown,* 15 R. I. 321.)

*Eugene G. Hess,* as special guardian of infants, appellant. Under the language of testator's will the widow is not entitled to invade the principal. (*Matter of Martin,* 269 N. Y. 305; *Matter of Briggs,* 101 Misc. 191, 223 N. Y. 677.)

*J. Stanley Carter* for Harriet H. Woollard, respondent. I. The intention of the deceased is clearly expressed in unambiguous language. (*Matter of Lloyd,* 292 N. Y. 280; *Cammann* v. *Bailey,* 210 N. Y. 19.) II. This is not a will where the invasion of the principal is dependent upon the determination of whether it is necessary or proper for the support and maintenance of the widow. The will provides that she shall have the right to invade the principal, if in her judgment she deems it necessary for her maintenance, comfort and well being, and she shall not be required to account to anybody. (*Lord* v. *Roberts,* 153 Atl. 1; *Rock Island Bank and Trust Co.* v. *Rhoads,* 187 N. E. 139; *Dana* v. *Dana,* 185 Mass. 156; *Nunes* v. *Roberts,* 30 N. E. 259; *Matter of Cager,* 111 N. Y. 343.) III. The contention of appellants that all other income of the widow must be considered in construing the right of the widow under the will to invade the principal is against the weight of judicial authority. (*Forman* v. *Whitney,* 2 Abb. Dec. 163; *Matter of Clark,* 280 N. Y. 155; *Rezzemini* v. *Brooks,* 236 N. Y. 184; *Matter of Gatehouse,* 149 Misc. 648.)

*Per Curiam.* The first decretal paragraph of the decree of the Surrogate's Court of Albany County construing the will of William E. Woollard, deceased, which has been affirmed by the Appellate Division of the Supreme Court, Third Judicial Department, should be modified to read as follows: " ORDERED, ADJUDGED AND DECREED that the true construction and effect of

the Last Will and Testament of William E. Woollard, deceased, and particularly paragraphs 'Second' and '3rd' thereof, relating to the payment of the income and principal of the residuary estate of said deceased, is construed as giving to Harriet Holland Woollard, widow of said deceased, the right to all of the income and to such part of the corpus and principal of the said trust estate created by said Last Will and Testament of said deceased as she shall deem necessary for her maintenance, comfort or well being, and said Harriet Holland Woollard shall have the right to demand the payment and transfer to her of such part of the principal and corpus of said estate at any time whenever the said Harriet Holland Woollard shall deem it necessary for her maintenance, comfort and well being and shall so determine and state in writing to the Trustees in making any such demand or demands therefor, and the said Trustees are hereby ordered and directed to comply therewith, and it is , * * * ''. Such a statement is all that may be required from the widow, since the statement itself imports the exercise by her of good faith and honest judgment, and under the terms of the particular will no one may question or go behind such a determination and expression by her.

The order of the Appellate Division and the decree of the Surrogate's Court should be modified in accordance with this opinion, and as so modified, affirmed, without costs.

LEWIS, J. (dissenting). The direction contained in the Surrogate's decree in this proceeding which this court is about to modify serves to enlarge to an unlimited right the interest of the decedent's widow in the residuary estate of her deceased husband. The decree and the modification by this court transcend those limits fixed by the decedent, whose will prescribes that the trustees shall pay to his widow monthly during her lifetime all the income from his residuary estate " * * * together with as much of the principal or corpus of my estate as she may deem necessary for her maintenance comfort and well being ''. Instead of giving his residuary estate outright to his widow the decedent chose to impress it with a trust. The broad provisions of that trust indicate the decedent's intent to make available to his widow something more than a life use of his residuary estate

but something less than an absolute fee therein. He made provision for a remainder over — which cannot be limited upon an absolute estate in fee. (*Matter of Ithaca Trust Co.*, 220 N. Y. 437, 441.) When the decedent named his widow as the sole judge of the amount, if any, which should be withdrawn from the principal of the trust and paid to her as necessary for her maintenance, comfort and well-being during her lifetime, that grant of the use of principal with remainder over to their daughters and son-in-law imported his confidence in her and in turn called for the exercise by her of honest judgment and good faith which, when challenged, was the proper subject of judicial review. (*Swarthout* v. *Ranier*, 143 N. Y. 499, 504; *Matter of Wilkin*, 183 N. Y. 104, 113; *Matter of Briggs*, 101 Misc. 191, 202, mod. 180 App. Div. 752, affd. 223 N. Y. 677; *Vincent* v. *Rix*, 248 N. Y. 76, 81–82; and see *Matter of Smith*, 129 Misc. 497, 499 and cases cited; 2 Scott on Trusts, § 187.4.)

Accordingly I dissent.

LOUGHRAN, Ch. J. CONWAY, DESMOND and THACHER, JJ., concur in *Per Curiam* opinion; LEWIS, J., dissents in opinion in which DYE, J., concurs.

Ordered accordingly.