In the Matter of the Accounting of Bank of New York and Fifth Avenue Bank, as Executor and Trustee under the Will of Rodney Davis, Deceased.

Surrogate's Court, Westchester County, March 17, 1949.

*Emmet, Marvin & Martin* for executor, petitioner.

Griffiths, S. In its accounting as executor and trustee, a construction is sought by the trustee as to its discretionary power to invade principal for the benefit of the widow of decedent pursuant to Article " Third " of the will. By his will testator devised and bequeathed outright to his wife one third of his residuary estate. A determination of the question presented requires a consideration of the context of article "Third " which reads as follows: " *Third*: All the rest, residue and remainder of my property, I hereby give, devise and bequeath unto the Bank Of New York And Trust Company, a New York corporation, as trustee to receive, collect, invest and reinvest and dispose of the same as follows: To pay the net income thereof quarterly or as often as may be conveniently possible or necessary to my said wife, Anna M. Davis, during the term of her natural life, and, in addition to said net income, to pay over to my said wife such parts of the principal of such trust estate as the trustee may in its absolute and uncontrolled discretion deem necessary in case of any contingency or deem advisable for her more complete comfort and happiness."

The widow of decedent has demanded that the entire principal of the trust under article " Third " comprising two thirds of the residuary estate be paid to her. The trustee alleges that it is

convinced that the widow of decedent will not be happy in the sense intended by decedent unless the entire estate is paid to her, and that, subject to the court's approval, it is prepared to exercise its discretion in favor of paying the entire balance of the fund in its hands as executor to the widow of decedent.

The account indicates that the one-third share of the net estate given outright to the widow will approximate $36,000, but that after deducting estate taxes imposed against nontestamentary benefits receivable by her, the net amount given outright to the widow will be reduced to approximately $6,000. It further appears from the account that the share of the residuary estate required to be held in trust and comprising two thirds of the net estate will aggregate approximately $72,000. It is stated that nontestamentary benefits will provide the widow of decedent with payments to her of $12,500 annually.

The trustee alleges that the widow of testator has made clear to it that it is advisable for her happiness that the entire net estate be paid over to her. The petition states that the trustee has no reason to believe that the beneficiary is in need of any part of trust principal and that the continuance of the trust is not essential for assuring her of a secure income.

It further appears that disagreements have arisen between the trustee and the beneficiary to such an extent that friendly and cordial co-operation has been rendered impossible and that at the request of the beneficiary the trustee has promised to resign, if the court will permit a resignation, and that a refusal to permit such resignation will only result in further disagreements between the trustee and the beneficiary and a waste of trust assets.

The broad grant of power conferred upon the trustee clearly indicates that the primary concern of the testator was not only the needs of his wife in any contingency, but her more complete comfort and happiness. The amount of principal payable to the widow is therefore limited only by the broad discretion granted to the trustee for the purposes of the trust, subject only to any other limitations imposed by the will as to the amount of the withdrawal.

In *Matter of Woollard* (295 N. Y. 390) the trustee was directed to pay or apply for the benefit of the widow of testator the income of the trust " together with as much of the principal or corpus of my estate as she may deem necessary for her maintenance, comfort and well-being * * * ". The decree of the Surrogate, which was affirmed by the Appellate Division, construed the will as giving to the widow an absolute right to all

income and *all or* any part of the corpus of the trust as she might deem necessary for her maintenance, comfort and well being. It was further determined that a demand in writing made by the widow of testator that she deemed the withdrawal of the corpus necessary for the purposes stated, imported her good faith and honest judgment which might not be questioned. The Court of Appeals, however, modified so much of the decree construing the will as determined that the widow was entitled to demand all of the corpus of the trust. Notwithstanding that the demand originally made by the widow requesting payment of the entire corpus was voluntarily modified by her to request payment of only a part thereof, the will was construed by the Court of Appeals as giving to the beneficiary the right to payment only of any part of the principal as she might deem necessary.

The will of testator herein fails to disclose any apparent intent that the trustee was empowered to exhaust the entire trust principal by a single payment. The discretion conferred is limited to " such parts " of the principal as should meet the purposes of the invasion. There is neither express authority to pay the entire corpus of said trust, nor any express grant of power to terminate the trust by the exhaustion of trust principal. The broad provisions of the trust indicate a clear intent to create in the beneficiary more than a life use of the two-thirds' share of the residuary estate, but something less than an absolute fee. Provision is made for a remainder over which cannot be limited upon an absolute fee. (See dissenting opinion of LEWIS, J., in *Matter of Woollard, supra,* pp. 394–395, citing *Matter of Ithaca Trust Co.,* 220 N. Y. 437.)

Provision has here been made for a disposition of the remainder interest by conferring a power upon the widow of testator to appoint by will the " residue of such trust estate " with the proviso that in default of the exercise of such power, payment thereof is to be made to such persons, excluding his wife, who would be the next of kin of testator as of the death of his wife. Thus, although a broad discretion has been given to the trustee, a limitation has been imposed thereon to " such parts of the principal " with a provision in favor of others as to the residue of such principal. The will accordingly fails to indicate an intention that the entire principal of such trust may be paid to the widow, or that the trustee is empowered to terminate the trust by the exhaustion of principal.

The will is accordingly construed as conferring upon the trustee broad discretionary powers to pay to the widow of testator such parts of the principal as it may deem necessary to

meet any contingency, or such parts as it, in the exercise of such discretion, may deem advisable for her more complete comfort and happiness. The grant of such discretion, however, does not connote inconsiderate action. Discretion has been defined as the " equitable decision of what is just and proper under the circumstances." (Bouvier's Law Dictionary [15th ed.].)

In the making of such payments the trustee need not necessarily consider any income or resources of the widow other than such income or resources to which she has or may become entitled under the will. The trustee must be satisfied, after conducting such investigation as may be deemed adequate, as to the need of such payment to meet any contingency, or as to the advisability of such payment to provide for the more complete comfort and happiness of the beneficiary, as the case may be, and as to the efficacy of such payments to fulfil the stated purposes of the trust.

The application of the trustee for leave to resign is denied but without prejudice to a renewal of such application at the foot of the decree if future events indicate that the granting of such application will be advantageous to the trust. So far as appears, any unfriendliness or lack of co-operation existing has resulted from uncertainty as to the extent of the powers conferred upon the trustee, or from the trustee's refusal to yield to the demands of the beneficiary for payment to her of the entire trust corpus and the termination of the trust. It has not been made to appear that further conflict would be avoided if the court were to appoint a successor trustee in the place and stead of the trustee selected by the testator.

Submit decree on notice construing the will accordingly, denying the application of the trustee for leave to resign, without prejudice, and settling the account as filed. The decree will contain appropriate provision for the payment or delivery of the entire trust corpus by the executor to the trustee, and shall also provide for a renewal of the application for leave to resign to be made at the foot of the decree, and for the appointment of a successor trustee upon notice to the widow of testator.