In the Matter of the Estate of WARREN R. HENDERSON, Deceased.

Surrogate's Court, Monroe County, May 29, 1952.

*Gerald R. Barrett* for Edward Henderson and others, petitioners.

*Nelson Warner* for Central Trust Company of Rochester, respondent.

*Percival W. Gillette,* special guardian for David Henderson, Jr., and others, infants, respondents.

WITMER, S.   The life beneficiaries of the trust created under paragraph " Second " of testator's will seek a construction of the will provisions with respect to such trust.   They have demanded of the trustee that it pay over to them equally the entire corpus of the trust fund, and contend that under the will the trustee is required to do so, thus terminating the trust.

The will was drawn for the testator by counsel experienced in will draftsmanship.   The testator devised his farm to the

trustee for the purpose of the instant trust, created in para-graph " Second " of the will. He provided that the income of this trust be paid to his children equally during the life of the trust, and thereafter the principal be distributed " equally among the children of mine who shall then be living ", except that issue of a deceased child shall take the parent's share. By paragraph " Third " of the will testator gave the residue of his estate to his five children equally, but provided that the share of each should be held in trust until he arrived at the age of twenty-five years when it should be paid to him. At the testator's death all five of his children had attained twenty-five years of age and so the trusts under paragraph " Third " of the will were never set up. Paragraph " Fifth " of the will contains the language upon which the life beneficiaries par-ticularly rely. It is as follows: " I hereby expressly authorize and empower my trustee hereinafter named to convey, transfer and pay over all or any part of the principal of any of said trusts including the principal of the trust set forth in paragraph " Second " if said real property be sold as therein provided for to any of the beneficiaries thereof when and in the sole and absolute discretion of my trustee it shall deem it advisable so to do for the proper care, maintenance and education of any of my children."

The farm, devised in trust under paragraph " Second ", has been sold as authorized by the will, and the trustee holds some-what less than $25,000 in personalty in the trust. Each bene-ficiary is receiving less than $200 annually from the trust. The life of the trust is measured by the lives of the two youngest of the testator's children, one being an unmarried daughter and the other is a son who has children. The other children also have issue.

The children have submitted to the trustee and the court evidence that each could handily use one fifth of the corpus of the trust fund, if now distributed as requested. The trustee states that it believes that it has no authority to distribute the trust funds as requested, but that it will distribute them if the court holds that it may properly do so in response to the present demands.

It is conceded that the trust in question is valid. The claim seems to be that the trustee has no right to withhold distribu-tion in view of the showing of the *cestuis que trustent* that they need the funds for business and similar purposes, and in view of the testator's authorization to the trustee to " pay over all

or any part of the principal  *  *  *  when and in the sole and absolute discretion of my trustee it shall deem it advisable so to do ".

The trust being valid the trustee may not terminate it by exhausting the funds upon the mere request of the *cestuis que trustent* without more (*Matter of Wentworth,* 230 N. Y. 176), unless the will specifically so provides. (*Matter of Woollard,* 295 N. Y. 390.) Where the trustee is granted discretionary powers, it must exercise the discretion reasonably, in good faith and consonant with the intention of the testator. (2 Scott on Trusts, §§ 187, 187.2, 187.4.)

With respect to the instant trust the testator authorized the trustee to " pay over all or any part of the principal  *  *  * to *any* of the beneficiaries thereof when and in the sole and absolute discretion of my trustee it shall deem it advisable so to do for the proper care, maintenance and education of *any* of my children." (Emphasis added.) Since all of testator's children were over twenty-five years of age at his death the provision for education has no applicability, except insofar as it may bear on testator's intention. By this trust the testator sought to protect any one or more of his children in the event that during the life of the trust any child needed funds for his education, or the circumstances of a child should become such as to place him in need of funds for his proper care and maintenance. (See *Matter of Wilkin,* 183 N. Y. 104; *Matter of Davis,* 195 Misc. 213.) Moreover, the testator vested the discretion in the trustee, not the court. In the absence of a showing of bad faith on the part of the trustee in the exercise of its discretion in this trust at this time, the court will not, and may not, require the trustee to pay over the corpus of the trust to the children upon their requests herein, and the court finds no evidence of bad faith on the part of the trustee in this proceeding. (*Matter of Wilkin,* 183 N. Y. 104, *supra; Matter of Osborn,* 252 App. Div. 438; *Matter of Ahrens,* 185 Misc. 427, affd. 269 App. Div. 977; *Matter of Bisconti,* N. Y. L. J., April 9, 1952, p. 1419, col. 1; *Matter of Davis,* 195 Misc. 213, *supra; Matter of Hayden,* 172 Misc. 669, 682; *Matter of Cowen,* 148 Misc. 35; Scott on Trusts, § 155; Vol. 2, § 187; Vol. 3, § 334.1.)

In view of the other provisions of the will it does not appear that the principle of *Matter of Clark* (280 N. Y. 155), relied upon by petitioners, applies to this trust. In exercising its discretion the trustee may properly consider the need of the respective beneficiaries in the light of their other resources.

(See *Matter of Martin,* 269 N. Y. 305.) Although the point is not now before the court for determination, the above authorities indicate that upon the showing herein, the trustee might be guilty of misfeasance if it exercised its discretion as requested by the petitioners.

The application is therefore denied, without prejudice, of course, to the due exercise by the trustee of its discretion and authority as provided in the will.

Submit decree accordingly.