S. Samuel Di Falco, S.
In this proceeding to judicially settle its intermediate accounts as executor and trustee under the decedent’s will, this court has been asked by the executor and trustee to construe paragraphs Sixth and Seventh thereof and to determine the legal effect of the widow’s exercise of her right of election.
Under paragraph Sixth of his will the decedent bequeathed unto his executor and trustee “ any moneys required, not however to exceed the sum of Eight Thousand ($8,000) Dollars, for the publication and advertising of a definitive, selected edition of my works ”. He then went on to direct who was to do the publishing and to further direct that the copyright and/or royalty agreements concerning the edition be included in the trusts created under the will.
It has now been brought to the court’s attention that the executor has entered into a contract with the publishing firm indicated by the testator for the publication of his works for the sum of $8,000. The question as to the disposition of any unused part of the $8,000 therefore becomes academic. Both the language used by the testator and his intent are clear and explicit. There is no need for its interpretation nor for the application by this court of rules or canons of construction. (Matter of Bisconti, 306 N. Y. 442; Matter of Rollins, 271 App. Div. 982, affd. 297 N. Y. 612.) The testator has directed that a specific sum of money be used for the publication of his works. He further directed that the copyrights and/or royalty agreements be included in the trusts created under the will. It is obvious therefore that it was the testator’s intention that ownership of the copyright and/or royalty agreements vest in his trustee and that the income resulting from such agreements be divided equally between the two trusts.
Paragraph Seventh of the decedent’s will reads as follows:
“ Seventh: If my beloved wife, Julie Haydon Nathan, shall *824 survive me, I give and bequeath to my Trustee, or Trustees, hereinafter named, an amount sufficient to utilize to the maximum extent any Federal estate tax benefit to my estate available from the ‘ marital deduction ’ allowable in the determination of such tax after taking into account any other property, whether or not passing under this my Will, with respect to which such deduction is allowable, in trust, nevertheless, to receive, hold, invest, reinvest and manage the same and to collect and receive the rents, issues, income and profits therefrom and to pay the income therefrom in as near as may be equal quarter-annual installments to my said wife, for and during the term of her life. This trust is designated as ‘ Trust A ’.
“ I authorize and direct my Trustee to pay to my beloved wife, from the principal of this Trust, such sum or sums as she may, by instrument in writing, request. Upon the death of my wife, my Trustee shall transfer, pay over, and deliver the balance of the principal of this Trust into Trust B hereinafter created.”
The language used by the testator in this paragraph is also quite clear and unambiguous and his intention is unmistakable. In effect, he was attempting to create for his wife a trust in such amount that would enable his estate to claim and obtain a full marital deduction under the Internal Revenue Law. It is not within the province of this court to determine whether the trust qualifies for such marital deduction under the Internal Revenue Law but a valid trust has been created by the testator and the size of such trust is merely a matter of computation.
The important question posed here is whether the language ■ used in the last paragraph of paragraph Seventh entitles the wife to demand and receive from the trustee the entire corpus of the trust in one lump sum or otherwise.
In Matter of Woollard (295 N. Y. 390), the testator created a trust for his residuary estate for the benefit of his wife with the direction that the trustees apply the income thereof monthly to the use of his wife “ ‘ together with as much of the principal * * * as she may deem necessary for her maintenance comfort and well being’”, (p. 391). In construing that portion of the will creating the trust the court held that the widow was given the right to such part of the corpus of the trust estate as she deemed necessary for her maintenance, comfort and well being and that she had the right to demand payment thereof whenever she deemed it necessary and should so determine and state in writing to the trustees.
The testator in the case at bar gave to his wife without any qualification or limitation the right to request in writing delivery over to her of any portion of the principal of the trust. There *825 was no discretion granted to Ms trustee in tMs respect nor was the wife required in any way to account for or state why she wanted the money. TMs court finds therefore that the widow has the absolute right to demand and receive either any portion of the corpus of the trust or the entire corpus of the trust upon her request for same when such request is made to the trustee in writing. (Matter of Woollard, supra; Matter of Gillies, 69 N. Y. S. 2d 803.)
Pursuant to the decision made herein, it is apparent that the exercise by the widow of her right of election is meamngless. The widow in the case at bar has no right of election under section 18 of the Decedent Estate Law.
Submit decree on notice construing the will and settling the executor’s and trustee’s intermediate accounts accordingly.