Joseph A. Cox, S.
The executor and trustee has applied for a construction of testator’s will which is dated April 16, 1957. He died on February 9, 1959, survived by his widow, Adelaide V. Springett and a former wife, Amy Roberts Springett who is incompetent. In paragraph Second of his will testator created a trust of his residuary estate and directed that the income thereof be paid to his wife, Adelaide V. Springett. He further provided: “ It is my wish (and I so direct) that my trustee shall also pay over to my said wife, at any time, such portion of the principal of the trust as she may say that she requires for her proper maintenance and support and her statement in that regard shall be accepted by my trustee, who shall be under no duty to determine the reasonableness or necessity of any such request. ’ ’ Testator directed that upon the death of his wife the balance of the fund and any unexpended income be credited to the account maintained by or for his former wife. If the latter he then dead then such balance is to be divided equally among testator’s brother and two sisters or their issue. If any of them should die without issue then the principal is to he divided among the survivors.
*69 Testator’s widow served the petitioner with a demand stating that she requires the principal of the trust, in its entirety, for her proper maintenance and support and requesting the petitioner to deliver and pay over said principal to her absolutely and freed of any trust. The petitioner did not comply with the demand. It instituted this application for a construction of paragraph Second of the will.
Petitioner contends that the trustee should make a reasonable investigation before invading the principal of the trust. The special guardian for the incompetent former wife and two infants who are contingent remaindermen of the trust, maintains that the trustee is required to determine what is a reasonable amount. If the request is reasonable no inquiry is necessary. However, a demand for the entire principal is another matter. The widow argues that she is entitled to the entire principal.
The court holds that the language used by the testator gives his widow the absolute right to demand the entire principal of the trust (Matter of Woollard, 295 N. Y. 390; Matter of Bisconti, 306 N. Y. 442; Matter of Nathan, 17 Misc 2d 822; Matter of Gillies, 69 N. Y. S. 2d 803).
Petitioner alleges that it has filed a New York State estate tax return in which it claimed a marital deduction based on the language of paragraph Second of the will. Petitioner states that it previously had been informed that this claim for a marital deduction would be resisted. No order fixing the estate tax has been entered. The request of the petitioner for a determination in this proceeding that the trust qualifies for the marital deduction under section 249-s (subd. 3, par. [f]) of the Tax Law is denied without prejudice. The proper forum for the determination of that question is the estate tax proceeding or on an appeal from the order fixing tax.
The third request of the petitioner that the will be construed to require the trustee of the inter vivos trust created by the decedent on December 8, 1954 for the benefit of Amy Roberts Springett, his then wife, to pay over the principal thereof to decedent’s brother, sisters and their issues upon the deaths of decedent’s widow and former wife is denied. This court has no jurisdiction over inter vivos trusts (Matter of Crosby, 136 Misc. 688; Matter of Gray, 176 Misc. 829, affd. 266 App. Div. 732, affd. 292 N. Y. 532). Submit decree on notice.