Rockingham Probate Court,
No. 5098.

IN RE MINNIE A. LAWRENCE ESTATE.

Argued February 5, 1963.

Decided March 29, 1963.

458

*Sheehan, Phinney, Bass, Green & Bergevin* and *Richard A. Morse* (*Mr. Morse* orally), for the plaintiffs.

*Tiffany & Osborne* (*Mr. Winslow H. Osborne* orally), for Willard Gray.

*P. C. Brian* (Moncton, N. B.), for Viola MacLeod.

*Albert Gray*, pro se.

*Frank Dunn*, pro se.

BLANDIN, J. The following questions have been properly certified to us under RSA 547:30. *In re Allaire Estate*, 103 N. H. 318.

"1. Must both co-executrixes agree to every distribution made of the residuary estate?

"2. If both co-executrixes agree, may part or all of the residuary estate be distributed to Blanche Dykeman?

"3. May only those relatives who would take under the descent and distribution statutes of New Hampshire be designated as beneficiaries under the residuary clause of the will, or can grand nieces and grand nephews qualify as beneficiaries even though their parents may still be living?".

At the outset, it appears that the effect of the intention of the testatrix was to create a trust for the benefit of her relatives under the 41st clause of the will. *Goodale* v. *Mooney*, 60 N. H. 528; Restatement (Second), Trusts, *s.* 2 h. Since early times, provisions such as we are asked to rule upon have been held valid in this state. *Varrell* v. *Wendell*, 20 N. H. 431; *Goodale* v. *Mooney*, *supra;* see *Clark* v. *Campbell*, 82 N. H. 281, 286.

With reference to the first question, it is undisputed that where a trust is established, the co-executrices must agree to every distribution of the residuary estate made by them. Restatement (Second), Trusts, *s.* 194; 34 C.J.S. 1318; 21 Am. Jur., Executors and Administrators, *s.* 752, *p.* 803.

As to the third question, it is the rule here, as well as elsewhere, that ordinarily where a bequest is to "relatives," only those who are heirs-at-law may take. *Clark* v. *Campbell, supra; Goodale* v. *Mooney, supra;* Thompson on Wills (3d *ed.*) *s.* 281. Nevertheless, it is established beyond question that this general canon of construction must yield to the intent of the testatrix. *In re Lathrop Estate,* 100 N. H. 393, 395. In such a situation as confronts us, former decisions are not controlling unless their facts and circumstances are so similar as to admit of no reasonable distinction. *Rogers* v. *Scagliotti,* 96 N. H. 134, 135. So long as the class is sufficiently identified, as it is in the present case, so that the gift must not be held void for indefiniteness (see *Clark* v. *Campbell,* 82 N. H. 281, 282), the executrices may appoint the gift to persons beyond the limits of heirs-at-law under RSA 561:1, 6 if such appears to be the intent of the testatrix. *In re Lathrop Estate, supra;* 2 Scott on Trusts (2d *ed.*) *ss.* 121, 122.

Here she made many bequests to "nieces" and "nephews", some of whom were actually grandnieces and grandnephews whose parents have survived the testatrix, without distinguishing in any manner between nephews, nieces, and grandnephews and grandnieces. It is obvious that she considered them all as standing on an equal footing and as "relatives" within the meaning of the 41st clause of her will. We have not hesitated in the past to carry out what appeared to be the wishes of the testatrix, even though the limits of a class have not been spelled out with legal precision. See *Gafney* v. *Kenison,* 64 N. H. 354. This is especially true when an interpretation may be reached which seemed consistent with other provisions of the will. *In re Mooney Estate,* 97 N. H. 187, 189. We therefore hold that grandnieces and grand-

nephews, whether their parents are living or not, qualify as relatives under the 41st clause, since this was the testatrix's intent.

The second and more difficult question is whether the co-executrices may, if they so agree, distribute part or all of the residue to Blanche Dykeman, the testatrix's niece. The situation is such that "plausible and able arguments" may be made either for or against such a disposition. *Colony* v. *Colony,* 97 N. H. 386, 390. In these circumstances, the question of the testatrix's intent is one of fact to be determined, as are many similar ones, "by the ordinary test of a balance of probabilities . . . It is not necessary that there should be freedom from doubt and the balance may be only enough to turn the scales." *Marvin* v. *Peirce,* 84 N. H. 455, 457; *In re Mooney Estate, supra.*

As bearing on her intent, the testatrix, in her will, gave abundant and unmistakable evidence of her confidence in and affection for her niece, Blanche Dykeman. She appointed her a co-executrix, she bequeathed her a legacy of $1,000, gave her the proceeds of a joint bank account amounting to over $3,600, and a gold watch. Finally, she provided that if the co-executrix, Mrs. Foss, should cease to act for any reason, Blanche alone was to carry on the administration of the estate and was to distribute the remainder "to such relatives of mine and in such amounts as my [niece] may decide in . . . her sole discretion." Blanche as the daughter of the testatrix's sister comes within the group of relatives which is entitled to share under the residuary clause.

Nevertheless, it is also clear that the testatrix had in mind that the co-executrices within their discretion should distribute some of the residue to other relatives within the degree of relationship which we have previously defined. *Baker* v. *Wright,* 257 Ala. 697; see *In re Rolands' Estate,* 73 Ariz. 337. The main purpose and advantage of such broad discretionary powers as were here granted to the executrices lie in the flexibility of disposition which they permit. 3 Restatement, Property, *ch. 25, pp.* 1808-1809; see Annot. 69 A.L.R. 2d 1285, 1287-1288.

We do not set the amounts or name the beneficiaries (*Woodward* v. *Jolbert,* 94 N. H. 324) as the degree and extent of the distribution lies within the "sole discretion" of Blanche Dykeman and her co-executrix. *Varrell* v. *Wendell,* 20 N. H. 431; *Portsmouth* v. *Shackford,* 46 N. H. 423; *Goodale* v. *Mooney, supra.* So long as the joint decision of the co-executrices is within the bounds of reason, the court will not interfere with their actions. *Morse*

v. *Trentini,* 100 N. H. 153, 156; *Eaton* v. *Eaton,* 80 N. H. 34. However it may be noted that in exercising the discretion conferred upon them by the will, the executrices should consider among other factors, the extent to which particular relatives have benefited under other provisions of the will.

In summary, we hold (1) the co-executrices must agree to each distribution made of the residuary estate; (2) they may agree to distribute part but not all of the residuary estate to Blanche Dykeman; (3) distribution may be made to grandnieces and grandnephews as well as to nieces and nephews, regardless of whether the parents of either class are living.

The order is

*Remanded.*

KENISON, C. J., did not sit; the others concurred.