**ESTATE OF Rexford H. FOSTER, Deceased, Margaret Foster, Executrix, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 33, Docket 83–4068.**

United States Court of Appeals, Second Circuit.

Argued Sept. 21, 1983.

Decided Jan. 16, 1984.

**202**

Joseph P. Reynolds, Sherburne, N.Y., for appellant.

Robert A. Bernstein, Washington, D.C. (Glenn C. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Thomas M. Preston, Attys., Tax Div., Dept. of Justice, Washington, D.C., on brief), for appellee.

Before LUMBARD, OAKES and VAN GRAAFEILAND, Circuit Judges.

OAKES, Circuit Judge:

This appeal raises anew the question whether a bequest to a surviving spouse of property for her lifetime with power to invade principal "for her needs and the needs of my children as she in her discretion may deem necessary," with remainder over to the children, qualifies for the estate tax marital deduction. The United States Tax Court, Richard C. Wilbur, Judge, held that it did not qualify. *Estate of Rexford H. Foster, Deceased v. Commissioner,* T.C. Memo 1983–77 (Feb. 7, 1983). We agree, because under New York law such a power to consume is limited by a standard of good faith, thus not constituting a "power in the surviving spouse to appoint ... in all events." Internal Revenue Code of 1954, 26 U.S.C. § 2056(b)(5) (1979); [1] 26 C.F.R. § 20.2056(b)–5(g)(1)(i), (g)(3) (1983). [2]

The decedent, a dairy farmer whose wife had worked with him on the farm, executed a will in 1963 bequeathing to his wife the use, income and profits, of and from, all my personal property, including the dairy livestock and the farm machinery and equipment, for and during her lifetime, with the right to use so much of the principal thereof for her needs and the needs of my children as she in her discretion may deem necessary, and on her death I give all of such property then remaining to my children equally.

1. (b) Limitation in the case of life estate or other terminable interest.—

. . . .

(5) Life estate with power of appointment in surviving spouse.—In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

(A) the interest or such portion thereof so passing shall, for purposes of subsection (a), be considered as passing to the surviving spouse, and

(B) no part of the interest so passing shall, for purposes of paragraph (1)(A), be considered as passing to any person other than the surviving spouse.

This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

2. (g) *Power of appointment in surviving spouse.* (1) The conditions set forth in paragraph (a)(3) and (4) of this section, that is, that the surviving spouse must have a power of appointment exercisable in favor of herself or her estate and exercisable alone and in all events are not met unless the power of the surviving spouse to appoint the entire interest or a specific portion of it falls within one of the following categories:

(i) A power so to appoint fully exercisable in her own favor at any time following the decedent's death (as, for example, an unlimited power to invade).

. . . .

(3) ... Likewise, if there are any restrictions, either by the terms of the instrument or under applicable local law, on the exercise of a power to consume property (whether or not held in trust) for the benefit of the spouse, the power is not exercisable in all events. Thus, if a power of invasion is exercisable only for the spouse's support, or only for her limited use, the power is not exercisable in all events. In order for a power of invasion to be exercisable in all events, the surviving spouse must have the unrestricted power exercisable at any time during her life to use all or any part of the property subject to the power, and to dispose of it in any manner, including the power to dispose of it by gift (whether or not she has power to dispose of it by will).

At the time of the execution of the will, as well as at the time of his death in 1977, he and his wife had three children.

The treasury regulation refers us to state law for purposes of determining whether the requirement that the power must be exercisable "in all events" is met. 26 C.F.R. § 20.2056(b)–5(e) (1983).[3] The applicable law in this case is the law of New York. As this court pointed out in *United States v. Lincoln Rochester Trust Co.,* 297 F.2d 891, 893 (2d Cir.1962), the "well settled rule of New York" is that "the right to consume [on the part of the life beneficiary] is limited by a standard of good faith." As the New York court stated in *In re Britt's Will,* 272 App.Div. 426, 429, 71 N.Y.S.2d 405, 408 (3d Dep't 1947):

> [T]he rule is that the life tenant is given an absolute and unlimited power of disposition and he may dispose of the property as he pleases so long as he acts in good faith and does not waste or squander the property for the purpose of preventing the balance of the estate from going to the remaindermen.

*See also In re Mitchell's Will,* 15 Misc.2d 651, 181 N.Y.S.2d 436 (Surr.Ct.1959).

*Lincoln Rochester* distinguished the two cases relied upon by the taxpayer here, *In re Springett's Estate,* 25 Misc.2d 68, 206 N.Y.S.2d 48 (Surr.Ct.1960), and *In re Woollard's Estate,* 295 N.Y. 390, 68 N.E.2d 181 (1946). *See* 297 F.2d at 893. In *Springett,* the trustee was required to "pay over to my said wife, at any time, such portion of the principal of the trust as she may say that she requires for her proper maintenance and support and her statement in that regard shall be accepted by my trustee...." 25 Misc.2d at 68, 206 N.Y.S.2d at 49. A widow who made such a demand by a statement in writing was held entitled to all the principal of the estate. This right was said by the court to be "absolute." *Id.* In *Woollard* the widow was also entitled to invade the principal "whenever [she] shall deem it necessary for her maintenance, comfort and well being and shall so determine and state in writing to the Trustees...." ˙295 N.Y. at 394, 68 N.E.2d at 182. The Court of Appeals said that "[s]uch a statement is all that may be required from the widow, since the statement itself imports the exercise by her of good faith and honest judgment, and under the terms of the particular will no one may question or go behind such a determination and expression by her." *Id.*

The essential concern under New York law is thus whether a spouse has absolute discretion to invade his·or her life estate at will, without regard to any good faith obligations toward the remaindermen. The precise form in which that absolute discretion is granted is not determinative. In *Lincoln Rochester* Judge Smith stated:

> In *Springett* ..., the will permitted the widow to consume the corpus to the extent she said was required for her proper maintenance and support. The Surrogate in *Springett* apparently considered that the provision for her own certification was intended by the testator to establish the test to be applied of the obligation of good faith in the exercise of the power to invade. In *Woollard* ..., certification in writing was likewise held to meet the good faith requirement. *No such specific provision to take the place of or fulfill the good faith requirement* is found in this case.

297 F.2d at 893 (emphasis added). Thus, what is required is certification or some equally specific provision fulfilling the good faith requirement. Here, as in *Lincoln Rochester,* there is nothing "to take the place of or fulfill the good faith requirement," *id.* Accordingly we follow *Lincoln Rochester* which, when the estate tax statute was changed in respects not material here, was itself followed in *Estate of Opal*

---

**3.** *Application of local law.* In determining whether or not the conditions set forth in paragraph (a)(1) through (5) of this section are satisfied by the instrument of transfer, regard is to be had to the applicable provisions of the law of the jurisdiction under which the interest passes and, if the transfer is in trust, the applicable provisions of the law governing the administration of the trust.

**204**

*v. Commissioner,* 450 F.2d 1085 (2d Cir. 1971).

Judgment affirmed.

VAN GRAAFEILAND, Circuit Judge, concurring:

I concur in the result.