ESTATE OF HARRY K. DRAPER, DECEASED, BARBARA K. DRAPER EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Draper v. Commissioner
Docket No. 48263-86.
United States Tax Court
T.C. Memo 1988-201; 1988 Tax Ct. Memo LEXIS 228; 55 T.C.M. (CCH) 797; T.C.M. (RIA) 88201; May 5, 1988. Arthur O. Gormley, Jr., for the petitioner. David N. Brodsky and Randall P. Andreozzi, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $ 101,239.97 in petitioner's Federal estate tax and an addition to tax of $ 25,309.99 under section 6651(a). [1] After concessions by petitioner, the issues for decision are (1) whether decedent gave his surviving spouse under a trust agreement a power of appointment within the meaning of section 2056(b)(5) so as to qualify the trust *230 property for the marital deduction, and (2) whether petitioner's failure to file its estate tax return when due was attributable to reasonable cause. FINDINGS OF FACT Some of the facts have been stipulated, and the facts set forth in the stipulation are incorporated in our findings by this reference. Harry K. Draper (decedent) died December 2, 1982, a resident of Milford, New Hampshire. Decedent was survived by his wife, Barbara K. Draper (Mrs. Draper), now Barbara Ryan, and two children, Richard Draper (R. Draper) and David Draper. Mrs. Draper was named executrix of the estate. On October 23, 1981, decedent executed his last will and a trust agreement. In his will, decedent bequeathed all of his tangible personal property to Mrs. Draper; the remainder of his probate estate was to pourover to the trust. The relevant portions of decedent's trust agreement are as follows: ARTICLE I
Harry K. Draper shall be the sole TRUSTEE of this Trust Agreement, and Barbara K. Draper and Richard Draper shall become Successor Co-TRUSTEES if any of the following *231 events occur: (a) The death of Harry K. Draper. * * * ARTICLE III
Upon the death of the SETTLOR, TRUSTEES shall use their best efforts to collect the proceeds of any insurance policies payable to the trust, * * * and shall hold the same and any other property which may have been added to the trust estates created hereby by gift, devise or bequest (all of which is sometimes referred to as the Trust Property) in accordance with the following: A. TRUSTEES shall pay to or for the benefit of SETTLOR'S wife, Barbara K. Draper, all of the net income and so much of the principle as TRUSTEES in their sole descretion deem wise and proper for her maintenance, support, comfort, enjoyment, medical bills and hospital bills. In the event of any incapacity on the part of SETTLOR'S said wife, said Richard Draper shall have the power to exercise such discretion alone and independently. B. Upon the decease of said Barbara K. Draper, this trust shall terminate and the residue of the principal and accumulated income shall be distributed in equal shares to the SETTLOR'S sons, Richard Draper and David Draper.
The trust agreement also authorized the resignation of any trustee. Mrs. Draper *232 was inexperienced in estate tax law and expected and relied upon decedent's attorney to prepare petitioner's estate tax return. The filing due date for the return was September 2, 1983. The return was filed, however, on April 13, 1984, over 7 months later. The return treated all property held by the trust valued at $ 565,060.32 on the date of decedent's death, as if it qualified for the marital deduction. In his notice of deficiency, respondent disallowed petitioner's marital deduction to the extent of the value of the trust property and determined an addition to the tax for late filing. OPINION
1. Marital Deduction
Section 2056(a) allows a Federal estate tax "marital deduction" from a decedent's gross estate for the value of property interests form the benefits of the marital deduction provided by section 2056(a). Section 2056(b)(5) [2] provides and exception to section 2056(b)(1) with regard to life estates with qualifies powers of appointment in the surviving spouse. Section 2056(b)(5) requires that the surviving spouse have the power to appoint the property in favor of herself (as, for example, and unlimited power to invade), or her estate, or both and that the power *233 be "exercisable by such spouse alone and in all events." *234 The parties do not dispute that Mrs. Draper lacked a power to appoint the property to her estate, for the trust agreement specifically named Richard Draper and David Draper as vested remaindermen to take equally upon Mrs. Draper's death. Rather, their dispute concerns whether Mrs. Draper held a power to invade the trust corpus, alone and in all events, as required by section 2056(b)(5). We hold that she did not. A power to appoint is not considered to be exercisable by a surviving spouse alone and in all events if the exercise of the power by the surviving spouse requires the joinder or consent of any other person. Section 20.2056(b)-5(g)(3), Estate Tax Regs. In virtually all jurisdictions, co-trustees of a private trust must concur in the exercise of powers conferred upon them, unless the terms of the trust provide otherwise. Scott, Law of Trusts, sec. 194 (3d ed. 1967); 76 Am. Jur. 2d sec. 299 (1975). See also 1 Restatement, Trusts 2d, sec. 194 (1959). New Hampshire law is consistent with this general rule. See Gleason v. Elbthal Realty Trust,122 N.H. 411, 445 A.2d 1104, 1105 (1982); In re Lawrence's Estate,104 N.H. 457, 189 A.2d 491, 493 (1963). *235 In this case the trust agreement vested the power to invade the trust corpus upon decedent's death in Mrs. Draper and R. Draper as co-trustees, and it did not provide that Mrs. Draper did not have the individual power to compel distribution of trust principal. [3]
*236 Petitioner, citing no authority, contends that Mrs. Draper's power appointment satisfied the requirements of section 2056(b)(5) because the trust's terms authorized R. Draper's resignation as co-trustee, and in such event the power to invade for Mrs. Draper's benefit would be vested in her discretion alone. We disagree. Qualification for the marital deduction -- in this case, conformity with section 2056(b)(5) -- must be determined as of the time of decedent's death, Jackson v. United States,376 U.S. 503, 508 (1964), and any action taken by R. Draper after decedent's death would be irrelevant to our determination. See Estate of Reid v. Commissioner,90 T.C. 304 (1988). Petitioner also contends that decedent intended "that his spouse receive the entire benefit from the trust" because his children were adults and had other sources of income at the time the trust was created. This contention is not supported by the record. The instrument clearly provided R. Draper, as co-trustee, with guidance and at least a share of the authority over the distribution of the trust principal at all times, suggesting that decedent intended to restrict Mrs. Draper's *237 power to consume of dispose of the principal. Petitioner provides no evidence that suggests otherwise. We conclude that Mrs. Draper's power of appointment failed to satisfy the requirements of section 2056(b)(5) and that petitioner thus is not entitled to a marital deduction for the value of the trust property.
2. Addition to Tax
Section 6651(a)(1) imposes an addition to tax for the failure to file a return required by section 6018 (estate tax return) by the prescribed date, "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." Petitioner, citing United States v. Boyle,469 U.S. 241 (1985), and Estate of Paxton v. Commissioner,86 T.C. 785, 819 (1986), argues that its failure to file its return timely was due to "reasonable cause" because its attorney (counsel of record in this case) advised Mrs. Draper , who was inexperienced in estate tax matters, relied on such advice. In Boyle, the Supreme Court held that the failure timely to file an estate tax return is not excuse by the taxpayer's reliance on an agent to file the return, and such reliance is not reasonable cause for a late filing under *238 section 6651(a)(1). 469 U.S. at 252. The Court explained: To say that it was "reasonable " for the executor to assume that the attorney would comply with the statute may resolve the matter as between them, but not with respect to the executor's obligations under the statute. Congress has charged the executor with an unambiguous, precisely defined duty to file the return within nine months; extensions are granted fairly routinely. That the attorney, as the executor's agent, was expected to attend the matter does not relieve the principal of his duty to comply with the statute. [469 U.S. at 250.]
The court distinguished, however, the situation in which a taxpayer relied on the erroneous advice of its attorney regarding a matter of tax law, such as whether a filing was necessary. 469 U.S. at 250-251. In Estate of Paxton, we held that the taxpayers were not liable for the section 6651(a) addition to tax because the estate's executor, who failed to file an estate tax return had relied on his counsel's advice that a return was unnecessary. 86 T.C. at 820. We cannot conclude in this case that petitioner's late filing *239 was attributable to reasonable cause. Contrary to petitioner's assertion, no evidence supports the argument that petitioner's attorney expressly advised Mrs. Draper that the filing of a return was unnecessary. Mrs. Draper's testimony, upon which petitioner's argument rests, merely indicates that she expected and relied on the attorney to attend to all estate tax matters. She testified on examination by petitioner's counsel: Q. Now do you know anything about the federal estate tax laws? A. No, I don't. Q. What is the minimum amount of money necessary , for example, and estate to file a federal estate tax? A. I really don't know. Q. And what is the deadline for filing a federal estate tax return? A. I don't know that either. Q. And your attorney prepared these tax returns? Is that correct? A. Yes. Q. And did you look at the federal estate tax return? A. I may have looked at it , but I didn't comprehend, learn to understand what it was about. * * * Q. So as far as the federal estate tax returns are concerned, Mrs. Draper, you pretty much relied on your attorney to prepare those returns? Is that true? A. Yes I did. Q. And to file the returns *240 as well? A. Yes. Q. You left it all up to him? A. Yes.
This type of unlimited delegation is precisely what Boyle rejects as a "reasonable cause" under section 6651(a). Thus, we sustain respondent's determination of the addition to tax. In view of the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect at the date of decedent's death. ↩
2. Section 2056(b)(5) provides as follows: (5) Life estate with power of appointment in surviving spouse. -- In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is excisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse -- (A) the interest of such portion thereof so passing shall, for purposes of subsection (a), be considered as passing to the surviving spouse, and (B) no part of the interest so passing shall, for purposes of paragraph (1)(A), be considered as passing to any other than the surviving spouse. This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events. [Emphasis supplied.]
See also section 20.2056(b)-5)(a), Estate Tax Regs.; Estate of Raisler v. Commissioner,T.C. Memo. 1987-624↩. 3. Respondent asserts that Mrs. Draper's power to invade the trust corpus is not "exercisable in all events" for two additonal reasons. First, the exercise of such power is limited by standards, limited by certain standard, including a standard of good faith imposed by New Hampshire law and a "wise and proper" standard imposed by the trust's terms, citing Estate of Foster v. Commissioner,725 F.2d 201 (2d Cir, 1984), affg. a Memorandum Opinion of this Court; MPhee v. Colburn,98 N.H. 406, 101 A.2d 458 (1953); Shapleigh v. Shapleigh,69 N.H. 577, 44 A. 107 (1899). Second, her power to invade would last only so long as she served as co-trustee and would terminate in the event she became incapacitated, citing Starrett v. Commissioner,223 F.2d 163 (1st Cir. 1955), affg. Estate of Tingley,22 T.C. 402↩ (1954). Having already concluded that Mrs. Draper's power to invade was not exercisable alone and in all events, we need not address these assertions.