**LINCOLN ROCHESTER TRUST COM-PANY, as Administrator, c.t.a., of the Last Will and Testament of Albert E. Copeland, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 7510.**

United States District Court
W. D. New York.

Oct. 18, 1960.

---

[3.] Defendant is entitled to a credit of $115,309.41, as per Stipulation 1.

**840**

Nixon, Hargrave, Devans & Dey, Rochester, N. Y., for plaintiff; Scott Stewart, Jr., and Sterling L. Weaver, Rochester, N. Y., of counsel.

Neil R. Farmelo, U. S. Atty., Buffalo, N. Y., for defendant; Charles K. Rice, Asst. Atty. Gen., James P. Garland, David A. Wilson, Jr., and Robert W. Kernan, Attys. of Dept. of Justice, Washington, D. C., of counsel.

BURKE, Chief Judge.

This is a suit for refund of $14,055.22, with interest, paid as a deficiency assessment on the Federal Estate Tax by the estate of Albert E. Copeland. The question is whether the estate is entitled to a marital deduction under Sec. 812(e) (1) (F) of the 1939 Internal Revenue Code, as amended, 26 U.S.C.A. § 812(2) (1) (F) by reason of a provision of the decedent's Will, devising to his widow a life estate with the right to use any part of the principal thereof.

The case was submitted on a written stipulation of facts, which facts are determined to be findings of fact herein.

The decedent died September 26, 1950. His Will provides in part as follows:

"*Second*: I give, devise and bequeath to my wife, Jenny Morris Copeland, in case she survives me, the life use of all the rest, residue and remainder of my estate, both real and personal, wherever the same may be situated, with the right to use any part of the principal thereof.

"*Third*: I give, devise and bequeath Thirty-five Per Cent (35%) of the residue of my estate, after the death of my said wife, or in case my said wife shall predecease me,

to each of my sons Morris A. Copeland and Arthur H. Copeland.

\* \* \* \* \* \*

"*Fifth*: I direct that Thirty Per Cent (30%) of the residue of my estate, after the death of my said wife, or in case my said wife shall predecease me, shall be held by my executor, or executors, for the benefit of such of my grandchildren as may survive both my said wife and me, share and share alike, \* \* \*."

The Surrogate's Court of Monroe County in a proceeding to construe the Will held "that the purpose and effect of the said paragraph second of the decedent's Last Will and Testament was to give to Jenny Morris Copeland the life use of all of the residuary estate with an unlimited right to consume any or all of the principal thereof, \* \* \*."

Plaintiff contends that the bequest to the decedent's widow of the life use of the residuary estate coupled "with the right to use any part of the principal thereof" satisfies the provisions of Sec. 812(e) (1) (F) of the Internal Revenue Code of 1939, as amended by the Technical Amendments Act of 1958 (P.L. 85–866, 72 Stat. 1606) and that, therefore, a marital deduction is allowable. The Government contends that the bequest does not qualify for the marital deduction, it being a terminable interest under Sec. 812(e) (1) (A) for which no deduction is allowable.

Sec. 812(e) (1) (F) as amended by the Technical Amendments Act of 1958 provides that an interest in property passing from the decedent to a surviving spouse under the terms of which she is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof and has a power to appoint the entire interest or such specific portion in her favor or in favor of her estate, will be considered as passing to the surviving spouse within the meaning of Sec. 812(e) (1) (F), provided the power is exercisable by will or during life and is exercisable by such spouse alone and in all events. In such

case the interest passing will not be considered a terminable interest under the provisions of Sec. 812(e) (1) (B).

The Government argues that the power given to the surviving spouse was, at most, a power to use and consume the principal for her own benefit, that it was not a power under which she could appoint unconsumed principal to herself or dispose of it to others of her own selection.

House Report No. 1027, 85th Congress, 1st Session, accompanying the amendment of Sec. 812(e) (1) (F) of the Internal Revenue Code of 1939 (Technical Amendments Act of 1958) under the heading "Explanation of the Bill" reads in part as follows:

"In addition, the last sentence of subsection (a) of the bill provides that a power exercisable in all events includes an unrestricted power exercisable by the surviving spouse at any time during her life to use all or part of the property subject to the power, where the power includes the right to dispose of the property in any manner (including the power to dispose of it by gift), but such right does not have to include the power to dispose of the property by will. The purpose of this concluding sentence is to describe the general conditions under which the right of the surviving spouse to use, consume, or invade the property during life is the equivalent of the right to dispose of it by will and therefore the equivalent of a general power of appointment. This provision is intended to insure that the marital deduction will be allowed in cases where the property subject to the power would be includible in the gross estate of the spouse upon her death. Thus, where the spouse has a power to consume, invade, or appropriate the property, and she is the sole judge of what the invasion, consumption, or appropriation is needed for, such a power is intended to come within this provision. For example, if the surviving spouse has, in addition to a life interest, the unrestricted right, in her sole discretion, to invade and use the property generally for her comfort, happiness and well being, such a power would meet the test prescribed by the last sentence of subsection (a) even though there is no separately stated power to dispose of the property. These broad powers in the surviving spouse to use, consume, or invade give the spouse an interest equivalent to a general power of appointment, which makes the property includible in the spouse's gross estate upon death. From this it follows that the marital deduction is allowable with respect to such a property interest. This is the result under the 1954 Code and the bill makes it clear that it is to be the result under the 1939 Code."

Thus, Congress has expressed the intent as to the nature of the unlimited power to invade required to comply with the terms of the statute. This can only mean that a broad power to invade during life is the equivalent of a general power of appointment exercisable by Will and is sufficient to qualify for the marital deduction. The surviving spouse in the instant case has an unlimited right to consume any and all of the principal. This is at least as broad a power to invade as was contained in the example cited in House Report No. 1027, viz., "the unrestricted right, in her sole discretion to invade and use the property generally for her comfort, happiness and well being." Thus, it meets the test prescribed by the last sentence of subsection (a) of the Technical Amendments Act of 1958.

Estate of Pipe v. Commissioner, 2 Cir., 1957, 241 F.2d 210, held that, where the decedent's will gave the residuary estate to his wife for life with power to use the income and principal during her life in her uncontrolled discretion but without power to make testamentary disposition of the part which remained unexpended at her death, the bequest did not qualify for the marital deduction. This case was decided February 7, 1957, before the en-

actment of the Technical Amendments Act of 1958 and before August 7, 1957, the date of House Report No. 1027. For that reason I do not consider the case as controlling.

My conclusion is, therefore, that the life estate in the instant case qualifies for the marital deduction under the statute as amended, and that the plaintiff is entitled to judgment.

Settle judgment on notice.