ESTATE OF Ralph G. MAY, Mildred K. May, Executrix, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 2, Docket 25944.

United States Court of Appeals
Second Circuit.

Argued Sept. 30, 1960.

Decided Nov. 2, 1960.

Albert R. Mugel, Buffalo, N. Y. (John G. Putnam, Jr., Jaeckle, Fleischmann, Kelly, Swart & Augspurger, Buffalo, N. Y., on the brief), for petitioner-appellant.

Harold M. Seidel, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, and TUTTLE* and FRIENDLY, Circuit Judges.

TUTTLE, Circuit Judge.

This petition for review tests the correctness of the decision of the Tax Court holding that a bequest by the testator, Ralph G. May, to his wife of the "sole life use of" the residuary estate "with the right in the sole discretion of my said wife to invade and use the principal not only for necessities but generally for her comfort, happiness and well-being" did not meet the requirements of the marital deduction provisions of the Internal Revenue Code.[1] We affirm the decision of the Tax Court.

---

* Of the Fifth Circuit, sitting by designation.

1. Section 812(e) (1) (A) (B) and (F) of the Internal Revenue Code of 1939, as amended, 26 U.S.C.A. § 812(e) (1) (A, B, F), is as follows.

"Sec. 812. Net Estate.

"For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

*    *    *    *    *

"(e) [As added by Sec. 361(a) of the Revenue Act of 1948, c. 168, 62 Stat. 110] Bequests, etc. to Surviving Spouse.—

"(1) Allowance of marital deduction.—

"(A) In General.—An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is in-

cluded in determining the value of the gross estate.

"(B) Life Estate or Other Terminable Interest.—Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest—    .

"(i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

"(ii) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;

and no deduction shall be allowed with respect to such interest (even if such de-

The whole burden of petitioner's argument here is that the broad power given to Mrs. May to "invade and use the principal" is tantamount to a power to appoint the estate to herself and in favor of her estate. The Commissioner answers that under the applicable New York law such broad powers of invasion and use do not comprehend the right to either unrestricted prodigal use or to the assertion of complete ownership as including the ability to make a gift to others of any of the principal.

There is no real dispute as to the holding of the New York cases. Under them it is clear that a spouse, even with these broad powers of invasion and use, cannot appoint to herself. Matter of Briggs' Will, 101 Misc. 191, 167 N.Y.S. 632, modified 180 App.Div. 752, 168 N.Y.S. 597, affirmed 223 N.Y. 677, 119 N.E. 1032; Matter of Britt's Will, 272 App. Div. 426, 71 N.Y.S.2d 405. This Court has given recognition to this legal proposition, albeit by dictum, in Matteson v. United States, 240 F.2d 517. In that case the trial court had held that a broad power of invasion was, under New York law, limited by the exercise of good faith, and held that the spouse did not have the power to appoint to herself or to her estate. On appeal this Court decided the case on another issue. Nevertheless, the Court said:

"To make not wholly fruitless the earnest presentation on the merits by counsel, perhaps somewhat decoyed by defendant's submission of the formal judgment, we say that examination of Judge Foley's careful analysis of the law and relevant decisions, state and federal, discloses no sound basis for upsetting his conclusions." 240 F.2d 517, 519.

The taxpayer strenuously argues here that the result of this holding is too harsh to have been within the intent of Congress in adopting the marital deduction provision. From this it is argued, as a guide to the construction of Section 812(e) (1) (F), that since the provisions of Section 811(f) (3) are broad enough to make taxable in Mrs. May's estate this very power which she has to invade and use, such power should be held to be broad enough under Section 812(e) (1) (F) to satisfy the marital deduction requirement. We know of no rule of construction that permits the court to resort to legislative history or to other sections not necessarily correlated with the one under scrutiny to determine the meaning of language which is as clear as is that of Section 812(e) (1) (F).

duction is not disallowed under clauses (i) and (ii))—

"(iii) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust.

For the purposes of this subparagraph, an interest shall not be considered as an interest which will terminate or fail merely because it is the ownership of a bond, note, or similar contractual obligation, the discharge of which would not have the effect of an annuity for life or for a term.

\* \* \* \* \*

"(F) [As amended by Sec. 93(a), Technical Amendments Act of 1958, P.L. 85–866, 72 Stat. 1606] Life Estate With Power of Appointment in Surviving Spouse.—In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

"(i) the interest or such portion thereof so passing shall, for purposes of subparagraph (A), be considered as passing to the surviving spouse, and

"(ii) no part of the interest so passing shall, for purposes of subparagraph (B) (i), be considered as passing to any person other than the surviving spouse.

This subparagraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events."

It may well be that the entire residuary estate will, on Mrs. May's death, be a part of her taxable estate, even though she does not have the power to donate or appoint any part of it to any other person. This might result from the application of Section 811(f) (3) which may (although we do not so decide) define a general power of appointment broadly enough to include an unrestricted power to invade and use.

However, we think we need not speculate on whether Congress intended to equate the general power of appointment described in Section 811 with the "power in the surviving spouse to appoint * * (exercisable in favor of such surviving spouse) * * * alone and in all events." We have already, in Pipe's Estate v. Commissioner, 2 Cir., 241 F.2d 210, again by way of dictum,[2] construed the unlimited power to invade necessary to satisfy Section 811(f) (3) as requiring that the life tenant be able to devise the property. We held there what is equally plain here: that the power to invade at will does not comprehend the important power to appoint to the spouse or her estate.

Finally, as to the argument that the disallowance of a deduction for this bequest would be an unfair double tax on this residuary estate, we need only quote the answer given to this same argument in the Pipe's opinion:

"Lastly, the appellant argues that the disallowance of a deduction for this bequest would frustrate the clear intent of Congress in enacting the marital deduction provisions in 1948. Citing extensive legislative history, e. g., S.Rep. No. 1013, 80th Cong., 2d Sess. (1948), the appellant points out that Congress sought a general uniformity of tax treatment of decedents' estates in both community property and common law states. The method adopted, in general, was to permit a deduction from the gross estate of the spouse who first deceased for the value of property that would be included, if not consumed, in the gross estate of the surviving spouse, thereby subjecting the value of that property so deducted to only one estate tax, which would be exacted at the survivor's death. Mrs. Pipe argues that the unconsumed principal of her life estate will be included in her gross estate for federal tax purposes because of her unqualified power to invade the corpus during her lifetime. It is not necessary for us, however, to determine the validity of this contention, because the possibility of double taxation is not a sufficient basis for allowing a marital deduction if the bequest does not comply with the specific statutory requirements of section 812(e). Starrett v. Commissioner, 1 Cir., 1955, 223 F.2d 163. Cf. Estate of Shedd v. Commissioner, 9 Cir., 1956, 237 F.2d 345; Estate of Hoffenberg v. Commissioner, 1954, 22 T.C. 1185, affirmed per curiam, 2 Cir., 1955, 223 F.2d 470. Here the appellant has failed to prove that this bequest falls within any of the express provisions for marital deductions under the 1939 Code." 241 F.2d 210, 214.

The Third Circuit case of Commissioner of Internal Revenue v. Ellis' Estate, 3 Cir., 252 F.2d 109, is in accord with what this Court said in Pipe's Estate v. Commissioner, supra. The later Third Circuit case, Hoffman v. McGinnes, 3 Cir., 277 F.2d 598, is distinguishable on the ground that the Court found the will there before it for construction did in fact, under the Pennsylvania law, create a power in the spouse to appoint to herself. As we have said above, petitioner here does not dispute the Commissioner's contention that under New York law the May will cannot be so construed.

2. The Court held that a *legal* life estate could not qualify under the provisions of the Section as it then stood, but, then stating the assumption that the section was applicable to a legal life estate, the Court answered the precise question that is here before us.

It may be appropriate to comment briefly on the contention of the petitioner here, as it was of the appellant in the Pipe's case, that the Court should not so construe this section as to make possible the achievement of different results depending upon the state in which the parties reside. It seems to us that this is merely an attempt to put the "cart before the horse." Section 812(e) (1) (F) makes it perfectly simple for any testator to make absolutely certain that his bequest will be considered as a marital deduction. All he has to do is to grant to the spouse "power * * * to appoint the entire interest, or [a] specific portion" in favor of herself or her estate, exercisable in all events, and that he grant no such power to any other person to appoint to any person other than the spouse. A will which contains a bequest for life to the wife expressly granting these powers has the same effect in any state in which the will is probated. There is, thus, complete uniformity if the statute is followed. The only occasion in which a lack of uniformity arises is when a testator's personal representative seeks to have the court hold that something different from, or less than, the express requirements of the statute accomplish the same result. In such event the burden falls to the taxpayer to show that in *his* state the estate granted to the wife is, in law, indistinguishable from that which is set out in Section 812 (e) (1) (F).

In Pennsylvania, as the Court of Appeals said in Hoffman v. McGinnes, supra, the courts have held that a bequest having powers somewhat broader than those contained in Mr. May's will gives the life tenant the power to obtain a transfer of the entire corpus of the estate, thus becoming the sole owner in fee. Thus, the net result is that a testator living in Pennsylvania can satisfy the language of Section 812(e) (1) (F) by the use of language which in New York State simply does not accomplish the same purpose. We think it is not a construction giving unequal effect to the taxing acts for us to construe the language of this section in such manner as to require literal compliance with the statute, which is simple, or creating an estate which in the state of administration places the parties in exactly the same legal position as they would occupy if the statute had been literally complied with.

The decision of the Tax Court is affirmed.