A. Page Smith, S.
The executor of the will of Grace A; Baker moves for an order fixing the transfer táx qñ thé estate. The executor is also the husband of thé deceased, áñd he contends that his légaey tinder the will is éhtitléd tó thé marital deduction provided by section 249-s of the Tax Láw. Thé State Tax Commission takes a contrary view.
In her will, the testatrix gives to her husbáád the income, use and management of all of her éstaté for life “áñd the right ánd áuthority to expéñd áñd usé any part of thé principál on *763 behalf of himself a¡nd either of my daughters”, which this apart interprets to mean that Mr., Baker may use the principal either for himself alone, or- for his daughters, or for- both himself and Ms daughters, without qny restrictions whatever, Subject t,o this provisipn, tjie testafrix give§ her property to her daughters in equal shares, if they survive.
The difference of opinion in this case centers around the interpretation of that porfion of section 249Ts, of the Tax Law wMch allpws the marital deduction to be applied to that interest in the estate to which the surviving spouse is entitled to the income, providing the sqrvivor also has the power to appoint the entire interest in his or her favor, or in fayor of his or her estate. Stated differently, the question here seems to be whether, under the language of the will, Mr. Baker’s right to consume amounts to such a power of appointment as to permit his interest to take advantage of the marital deduction granted under paragraphs (a) and (f) pf subdivision 3 pi section 249-s of the Tax Law. This precise question does not seem to have been passed uP°n by the courts of this State; although there are Federal decisions on the question, under an almost identical statute, section 2Ó56 of the Internal Revenue Code. (If, S. Code, tit. 26, § 2056.) It has long been the policy of our courts to adopt, whenever reasonable and practical, the Federal construction of substantially similar tay provisions, in the interest of conformity. (Matter of Marx v. Bragalini, 6 N Y 2d 322.)
In proceeding, therefore, to determine the Federal construction of the similar tax provision on the subject of marital deductions, we may note section 20.2041-1 of 1961 Treasury Regulations which defines the term ‘1 power of appointment ’ ’ and which states that it “ includes all powers which are in substance and effect powers of appointment regardless of the nomenclature used in creating the power and regardless of local property law connotations. For example, if a trust instrument prpvides that the beneficiary may appropriate or cpn.sume the principal of the trust, the power to consume or appropriate is a power of appointment”. (Qqde. of Fed. Reg., tit. 26, § 20.204Í-1, subd. [b].) While this regulation refers specifically to a frqst instrument, it is also intended to. include a life use, since the Federal statute now allows the marital deduction for life estates as well as trusts, under the prescribed conditions.
The Federal courts have allowed the deduction where the spouse was given the life use of the testator’s property with the unrestricted right to use any part pf the principal thereof. (Lincoln Rochester Trust Co. v. United States, 188 F. Supp. 839; Carlson v. Patterson, 190 F. Supp. 452.) However, the *764 trend of the Federal courts seems to he to disallow the deduction if the right to use the principal is in any way qualified or restricted. (Estate of May v. Commissioner of Internal Revenue, 283 F. 2d 853, cert, denied 366 U. S. 903.) This case is relied upon, among others, by the State Tax Commission to support its position. In the May case (p. 854), the testator gave his wife the sole use of the residue of his estate “ with the right in the sole discretion of my said wife to invade and use the principal not only for necessities but generally for her comfort, happiness and well-being ”. The court disallowed the marital deduction for the reason that the wife’s power of invasion was, under New York law, limited by the exercise of good faith. The pertinent section of the Tax Law says nothing about good faith being a necessary element for allowance of the marital deduction, and where a testator gives an unrestricted use of the principal to a surviving spouse, there is no reason for the courts to inject this element unless it be for the unfair and unwarranted purpose of denying the deduction where the statute clearly allows it. Accordingly I find that the bequest to Mr. Baker is entitled to the marital deduction.