UNITED STATES of America, Appellant,

v.

LINCOLN ROCHESTER TRUST COMPANY, as Administrator, c. t. a., of the Last Will & Testament of Albert E. Copeland, deceased, Appellee.

No. 23, Docket 26879.

United States Court of Appeals Second Circuit.

Argued Nov. 17, 1961.

Decided Jan. 10, 1962.

Harold M. Seidel, Atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., Neil R. Farmelo, U. S. Atty., Buffalo, N. Y., and Anthony R. Palermo, Asst. U. S. Atty., Western Dist. of New York, Rochester, N. Y., on the brief), for appellant.

Scott Stewart, Jr., Rochester, N. Y. (Sterling L. Weaver and Nixon, Hargrave, Devans & Dey, Rochester, N. Y., on the brief), for appellee.

Before MOORE, SMITH and HAYS, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

This is an appeal by the Commissioner from a judgment of the District Court awarding taxpayer a refund for taxes paid on a deficiency assessment of $14,-055.22 plus interest. The case was submitted on an agreed stipulation of facts which are fully set forth in the opinion below, reported at 188 F.Supp. 839 (W.D. N.Y.1960).

The widow of deceased was given a life estate and the power to "use any part of the principal" of the estate. The District Court held that this gave the widow a right to consume the principal of the estate in which she was given the income for life, which power to consume was sufficiently broad to take her life interest out of the class of terminable interest and entitle her husband's estate to the marital deduction under Section 812(e) (1) (F) of the Internal Revenue Code of 1939, as amended. 26 U.S.C.A. (1939 ed.) Section 812(e) (1) (F). We hold that this language did not amount to a power in the surviving spouse to appoint in her own favor in all events and does not qualify for the marital deduction. We reverse and remand for dismissal of the complaint.

Two weeks after Judge Burke's decision this court decided Estate of May v. Commissioner, 283 F.2d 853, 856 (2 Cir., 1960), cert. denied 366 U.S. 903, 81 S.Ct. 1045, 6 L.Ed.2d 202 (1961), which held that under the law of New York the power to invade and consume, any or all of the principal did not create a "power in the surviving spouse to appoint * * (in favor of such surviving spouse) * * in all events." [1] (Emphasis added.)

Unless the surviving spouse has the right to dispose of the principal by gift or otherwise in her absolute dis-

1. Internal Revenue Code of 1939, § 812(e) (1) (F).

"In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

 *     *     *     *     *

"This subparagraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events."

cretion the case is controlled by our decision in May, supra. The District Court relied on H.Rep. No. 1027, 85th Cong., 1st Sess., 1957, which accompanied H.R. 8881, passed by the House which contained a specific provision that although the surviving spouse must have the authority to give the property away it need not include the power to dispose of the property by will. H.R. 8881, however, never became law as written and passed by the House. H.R. 8381 which became Section 92(a) of the Technical Amendments Act of 1958, made no mention of the issue. The language referred to in this Report relied on by the District Court was not included in the Act as it finally was adopted. No reliance can therefore be placed on this portion of the Report in interpreting the Act.

██ In a proceeding concerning the will involved in the instant case the Surrogate's Court of Monroe County decided that the widow had the "unlimited right to consume * * * and that neither Section 141 nor 149 of the Real Property Law of New York [preventing a trustee from appointing to himself] restrict in any way the right * * * to consume any and all of the principal thereof." The statement that the right is unlimited apparently had reference only to the prohibitions of Sections 141 and 149 and whether they prohibit the surviving spouse from consuming the principal of the trust. There is no reason to believe that the Surrogate had reference to the well settled rule of New York that the right to consume is limited by a standard of good faith. The obligation, imposed by law, to exercise the power in good faith based upon honest judgment, In re Britt's Will, 272 App.Div. 426, 71 N.Y.S. 2d 405 (App.Div.1947), In re Mitchell's Will, 15 Misc.2d 651, 181 N.Y.S.2d 436 (Surr.Court 1959), so limits the power to invade here that it is not a power exercisable in all events.

We held in May's Estate v. Commissioner that the existence of the obligation established that the power was not exercisable in all events. In May the testator bequeathed to his wife "the 'sole life use of' the residuary estate 'with the right in the sole discretion of my said wife to invade and use the principal not only for necessities but generally for her comfort, happiness and well-being.' " In the instant case the will provided:

"I give, devise and bequeath to my wife, Jenny Morris Copeland, in case she survives me, the life use of all the rest, residue and remainder of my estate, both real and personal, wherever the same may be situated, with the right to use any part of the principal thereof."

In Springett (In re Springett's Estate, 25 Misc.2d 68, 206 N.Y.S.2d 48 (Surr.Ct. 1960)) the will permitted the widow to consume the corpus to the extent she said was required for her proper maintenance and support. The Surrogate in Springett apparently considered that the provision for her own certification was intended by the testator to establish the test to be applied of the obligation of good faith in the exercise of the power to invade. In Woollard (In re Woollard's Estate, 295 N.Y. 390, 68 N.E.2d 181 (1946)), certification in writing was likewise held to meet the good faith requirement. No such specific provision to take the place of or fulfill the good faith requirement is found in this case. The will provision in the instant case is no broader than that in May's Estate. While the widow might consume the principal, she might only do so in good faith, and had no power to dispose of any portion not consumed, by gift or appointment to herself or others, by instrument *inter vivos* or will, disposition of any portion not so consumed being governed by testator's will. We adhere to the ruling in May's Estate that this is not a power exercisable *in all events*.

The ruling is quite technical, but unfortunately that is too often so in tax matters. There may be arguments of policy for change in the statutory requirements to broaden the marital deduction, but this is a matter for the Congress, which, with the problem plainly before it, failed in the Technical Amendments Act of 1958 to remove or modify

the requirement that the power be exercisable in all events as a condition of the grant of the marital deduction in this situation.

The judgment of the District Court is reversed and the complaint dismissed.