The FIRST NATIONAL TRUST AND SAVINGS BANK OF SAN DIEGO, a national banking association, and Arthur Dewar, as Co-Administrators of the Estate of Edward Claypool Vajen, also known as E. C. Vajen, Edward C. Vajen, and as E. Claypool Vagen, deceased; and the First National Bank of San Diego as Trustee under the Testamentary Trust created by the Last Will and Testament of Edward Claypool Vajen, Deceased, and established under the Decree of Distribution in the Estate of said Edward Claypool Vajen, Deceased, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 2647.

United States District Court
S. D. California, S. D.
June 20, 1963.

Harrison & Watson, Jack M. Harrison, Maurice T. Watson, San Diego, Cal., for plaintiffs.

Francis C. Whelan, U. S. Atty., Loyal E. Keir, Asst. U. S. Atty., Chief, Tax Section, Richard G. Sherman, Asst. U. S. Atty., Los Angeles, Cal., for the United States.

KUNZEL, District Judge.

Plaintiffs as co-administrators of the estate of Edward Claypool Vajen, bring this action for refund of estate taxes paid on a portion of the estate of the decedent, who died July 31, 1954, and on which portion they claimed and were denied a marital deduction. The case is submitted on a stipulation of facts.

The marital deduction is claimed under Section 812(e) (1) (F) of the Internal Revenue Code of 1939 as amended by Section 93(a) of P.L. 85–866, effective as to estates of decedents dying before August 17, 1954, which provides as follows:

"(F) Life estate with power of appointment in surviving spouse.— In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire in-

terest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

"(i) the interest or such portion thereof so passing shall, for purposes of subparagraph (A), be considered as passing to the surviving spouse, and

"(ii) no part of the interest so passing shall, for purposes of subparagraph (B) (i), be considered as passing to any person other than the surviving spouse. This subparagraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events."

The following provisions of decedent's will give rise to this controversy:

"ITEM 1: a: I give, devise, will and bequeath to my wife, Grace L. Vajen, for and during her natural lifetime only, a lifetime interest and estate in my residence and home in Roseville, Point Loma, (legal description).

b: I give, devise and bequeath to my wife, Grace L. Vajen, for and during her natural lifetime only, a lifetime interest and estate in my home in Riverside County, California, (legal description).

c: Should my wife, Grace L. Vajen, desire to sell my two (2) residences mentioned hereinabove in 'a' and 'b' of this Item, for the purpose of purchasing a home and residence for herself, to (relieve herself of the burden of maintenance, and more in accordance with her circumstances,) I do now hereby give and grant to her an absolute power of sale, to sell and convey the same in fee simple, conditioned that all the proceeds realized from said sale be placed in shares of stock of State Street Investment Corporation, registered under the name and style 'Grace L. Vajen, Trustee under the Will of Edward Claypool Vajen;' and, she is hereby empowered and authorized to sell and transfer and *assign sufficient* of the securities so purchased to purchase herself a home of her choice, and to take title thereto in *fee simple*, she to receive the income, for and during her natural lifetime only, of the shares of State Street Investment Corporation that are not needed for such purchase.

"ITEM 6: I specifically will, order and direct that all indebtedness, costs of administration, State Inheritance and Federal Estate Taxes, shall be payable out of the securities, stocks and bonds which I have hereinbefore directed my executrix to sell during the period of administration for that purpose, and I specifically will, order and direct that in no event shall the interest of my wife, Grace L. Vajen, be reduced by any of the same, and that her *widow's marital deduction,* under Federal Estate Taxes, shall not be reduced by my indebtedness, costs of administration, State Inheritance Taxes or Federal Estate Taxes.

"ITEM 8: I will, order and direct that at the death of my wife, Grace L. Vajen, if she survives me * * * Trustee * * * pay * * * all the balance and residuum of my residual estate then remaining as follows :.

a: He shall pay one-half (½) of such balance to Indiana Masonic Home * * *.

b: I will, order and direct the remaining one-half (½) of such balance shall be paid to Al-Bahr Shrine, San Diego * * *.

I nominate, constitute and appoint my wife, Grace L. Vajen, Trustee of the Trusts provided in this Will * * *."

[Emphasis added.]

The Government contends that the marital deduction is not allowable principally for the reason that the construction of the will shows that the testator intended to limit his wife's interest to a life estate. The Government further contends that this case falls into the category of such cases as C. I. R. v. Estate of Ellis, 252 F.2d 109 (3rd Cir. 1958); Estate of Pipe v. C. I. R., 241 F. 2d 210 (2nd Cir. 1957); Estate of May v. C. I. R., 283 F.2d 853 (2nd Cir. 1960), cert. denied 366 U.S. 903, 81 S.Ct. 1045, 6 L.Ed.2d 202 (1961); and United States v. Lincoln Rochester Trust Co., 297 F.2d 891 (2nd Cir. 1962), cert. denied 369 U.S. 887, 82 S.Ct. 1160, 8 L.Ed. 2d 287 (1962).

In all of the foregoing cases the life tenant spouse was generally given the right to invade and consume the life estate for maintenance, comfort, etc., and on that basis the taxpayer claimed allowance of a marital deduction pursuant to the provisions of the Act heretofore cited. The reason for the disallowance of the marital deductions under such provisions is set forth succinctly in the Lincoln Rochester case, supra, 297 F.2d at page 893, where the court stated as follows:

" * * * While the widow might consume the principal, she might only do so in good faith, and had no power to dispose of any portion not consumed, by gift or appointment to herself or others, by instrument inter vivos or will, disposition of any portion not so consumed being governed by testator's will. We adhere to the ruling in May's Estate that this is not a power exercisable in all events."

In the case at hand the widow not only had the right to invade the life estate by selling the two homes, but she had the further right to invest the proceeds therefrom in a new home, title to which she was to take in fee simple. The position of the Government would have the court disregard the term "fee simple" which is commonly understood to mean that the owner has an absolute estate with the power to transfer. Hagge v. Drew, 27 Cal.2d 368, 165 P.2d 461 (1945). Such a contention is contrary to fundamental rules governing the construction of wills. These rules have been codified in California in Section 102 of the California Probate Code which provides that, "The words of a will are to receive an interpretation which will give to every expression some effect, rather than one which will render any of the expressions inoperative; * * *" and Section 101 which sets out the universal rule that, "A will is to be construed according to the intention of the testator."

The will as a whole clearly shows that the testator was mindful of the distinction between a fee simple estate and a life estate. There is certainly no indication in the will that the testator desired to limit the widow's rights once she acquired the new home. It must be presumed that the testator knew that if she acquired title to the new home in fee simple, she could then dispose of it in any manner she saw fit without regard to the remainderman. The draftsman of the will, in Item 6, mentioned the widow's marital deduction, and since all the other bequests to the widow were life estates where the marital deduction would not apply, he must have had reference to the widow being entitled to a marital deduction under the provision of the will which is here in question.

Accordingly, plaintiff shall recover the taxes and interest paid on the disallowed marital deduction. This memorandum of decision shall constitute the findings of fact and conclusions of law. (Fed. R.Civ.P. 52(a).) Plaintiff shall prepare, serve and lodge a judgment in accordance herewith.