Esther D. C. BETTS, as Executrix of the Last Will and Testament of Nelson B. Betts, Deceased, Plaintiff,

v.

The UNITED STATES of America, Defendant.

Civ. A. No. 8912.

United States District Court N. D. New York.

Jan. 14, 1965.

Smith, Pattison, Sampson & Jones, Troy, N. Y., for plaintiff; Joshua N. Koplovitz, Troy, N. Y., of counsel.

Justin J. Mahoney, U. S. Atty., Albany, N. Y., for defendant; Louis F. Oberdorfer, Asst. Atty. Gen., Edward S. Smith, David A. Wilson, Jr., Daniel J. Dinan, Attorneys, Department of Justice, Washington, D. C., of counsel.

JAMES T. FOLEY, Chief Judge.

The complaint herein seeks adjudication that would allow as a marital deduction the sum of $33,875.81, the balance of one-half the adjusted gross estate of the deceased. The government moves for judgment on the pleadings in its favor for the reason the complaint does not state a claim upon which relief can be granted. The issue is a legal one and the contentions of the plaintiff not new in the Courts.

In the last will and testament of Nelson B. Betts, the Second Article material to the question here provided:

"SECOND: All the rest, residue and remainder of my estate, both real and personal, of every name and nature and wheresoever situated, I give, devise and bequeath to my wife, ESTHER D. C. BETTS, for and during the term of her natural life, she to have unrestricted possession of and control over the same and to receive the income, rents and

profits therefrom, and I expressly authorize and empower my said wife, in her sole discretion, to use such part of the principal of my said estate as she shall desire for her support, maintenance and enjoyment, and in the event the foregoing provision for my said wife shall be construed to constitute a trust for her benefit, I hereby nominate, constitute and appoint my said wife trustee without bond for the purpose of administering the same."

■ In the Fourth Article of the will, if the wife should predecease, or upon her death if she should survive him, it was provided in great detail that the residuary estate, personal and real, would go to two daughters and a son.

Under this will, therefore, the question is whether this life estate to the wife with admittedly broad right to use the corpus of the estate is a terminable interest and unable to qualify for the marital deduction within the meaning of Section 812(e) (1) (F) of the Internal Revenue Code of 1939, as amended, and as judicially construed. It is recognized in the plaintiff's brief that there are two recent leading cases in this Circuit that directly bear upon the precise issue here. (Estate of May v. Commissioner, 2 Cir., 283 F.2d 853 (1960); cert. den. 366 U.S. 903, 81 S.Ct. 1045, 6 L.Ed.2d 202; United States v. Lincoln Rochester Trust Co., 2 Cir., 297 F.2d 891 (1962); cert. den. 369 U.S. 887, 82 S.Ct. 1160, 8 L.Ed.2d 287). A case not of such recent vintage but referred to and followed in May is Pipe Estate v. Commissioner, 2 Cir., 241 F.2d 210 (1957). This authority (pg. 213), interpreting the statutory provisions and pertinent Treasury Regulations here involved, emphasized as an essential to qualify for the marital deduction the bestowal upon the surviving spouse of power to appoint and dispose of the corpus unrestrictedly by either inter vivos or testamentary disposition. This plain expression was not interfered with or changed by the wording of Section 93 of the Technical Amendments Act of 1958. (See 812(e) (1) (F) (ii), 1939 Code; see also Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119; U. S. v. Lincoln Rochester Trust Co., supra; Piatt v. Gray, 6 Cir., 321 F.2d 79.)

■ I am unable to accept this earnest contention that the power to use and invade the corpus is so broadly stated in this will as to allow valid distinction from these Second Circuit rulings noted previously herein. There was sole discretion by wording to invade and use the principal in the May matter, and such wording was not construed in Lincoln Rochester to take the place of or fulfill the good faith requirement imposed ordinarily under New York rulings upon the surviving spouse in the invasion of the corpus. Despite this good faith limitation of New York, seemingly difficult to grasp and apply, the other factor that cannot be discounted in this revenue problem is that by this will, limitless as may have been the attempt in terminology, it must be read that the surviving spouse by it " * * * had no power to dispose of any portion not consumed, by gift or appointment to herself or others, by instrument inter vivos or will, disposition of any portion not so consumed being governed by testator's will." (U. S. v. Lincoln Rochester Trust Co., supra, 297 F.2d at pg. 893.) In my view, there is nothing persuasively different shown in this situation that would allow relief or distinction from this appointment power requisite in the will under the statute and settled case law for entitlement to the marital deduction. (See Matteson v. U. S. (N.D.N.Y.), 147 F. Supp. 535; 2 Cir., 283 F.2d 853).

The motion of the defendant for judgment on the pleadings and dismissal of the complaint is granted, and judgment shall enter in its favor dismissing the complaint.

It is so ordered.