ESTATE OF REXFORD H. FOSTER, Deceased, MARGARET FOSTER, Executrix, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Foster v. Commissioner
Docket No. 16900-80
United States Tax Court
T.C. Memo 1983-77; 1983 Tax Ct. Memo LEXIS 708; 45 T.C.M. (CCH) 679; T.C.M. (RIA) 83077; February 7, 1983. Joseph P. Reynolds, for the petitioner. Kenneth Bersani, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent determined a deficiency of $27,147.20 *709 in petitioner's Federal estate tax. The sole issue for our determination is whether a testamentary disposition benefiting decedent's spouse qualifies for the marital deduction under section 2056. [1]
This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts is incorporated by this reference. Margaret Foster, executrix of the Estate of Rexford H. Foster, resided in Georgetown, New York, when the petition in this case was filed. Rexford H. Foster (decedent) owned and operated a dairy farm in Madison County, New York. Decedent's will, dated April 2, 1963, [2] reads in pertinent part: Second. I give and bequeath to my wife, Margaret Foster, the use, income and profits, of and from, all my personal property, including the dairy livestock and the farm machinery and equipment, *710 for and during her lifetime, with the right to use so much of the principal thereof for her needs and the needs of my children as she in her discretion may deem necessary, and on her death I give all of such property then remaining to my children equally. Decedent died on November 21, 1977. On November 28, 1977, the Surrogate's Court of Madison County issued letters testamentary appointing decedent's wife as executrix of his estate. On its estate tax return, petitioner claimed a marital deduction in the amount of $137,143.05 in respect of the interest in property passing to decedent's wife (Mrs. Foster) pursuant to that portion of decedent's will quoted above. Respondent disallowed the deduction. We must determine whether Mrs. Foster's power to invade principal constitutes a general power of appointment within the meaning of section 2056(b)(5). If so, the parties agree that decedent's estate is entitled to a marital deduction pursuant to section 2056. [3]
*711 To satisfy the requirements of section 2056(b)(5), a surviving spouse must have a power to appoint the interest to herself or her estate or both. See section 20.2056(b)-5(g)(1), Estate Tax Regs. A power of invasion qualifies under section 2056(b)(5) if it is unlimited, i.e., if "the surviving spouse [has] the unrestricted power exercisable at any time during her life to use all or any part of the property subject to the power, and to dispose of it in any manner, including the power to dispose of it by gift (whether or not she has the power to dispose of it by will)." Section 20.2056(b)-5(g)(3), Estate Tax Regs. See section 20.2056(b)-5(g)(1)(i), Estate Tax Regs. New York law determines whether Mrs. Foster's power of invasion is sufficiently unrestricted so as to qualify as a general power of appointment. Morgan v. Commissioner,309 U.S. 28 (1940); Estate of Smith v. Commissioner,79 T.C. 974 (1982). Decedent's will gave Mrs. Foster "the right to use so much of the principal [of decedent's personal property, dairy livestock, and farm machinery and equipment] for her needs and the needs of [decedent's] children as she in her discretion *712 may deem necessary * * *." Petitioner argues that Mrs. Foster's power to consume principal was not limited by an ascertainable standard and, thus, constitutes a general power of appointment. Respondent, on the other hand, contends that Mrs. Foster's power to consume principal does not constitute a general power of appointment. We need not decide whether, as petitioner contends, the word "needs" should be given an expansive interpretation or whether, as respondent argues, Mrs. Foster's power to invade is limited to that required for support and maintenance after first taking into account the beneficiaries' other income. It is clear under New York law that a spouse's broad lifetime power of invasion to use the principal, but with remainder over, does not qualify as a general power of appointment for the purpose of section 2056(b)(5). United States v. Lincoln Rochester Trust Company,297 F.2d 891 (2d Cir. 1962); May's Estate v. Commissioner,283 F.2d 853, 855 (2d Cir. 1960), affg. 32 T.C. 386 (1959); Estate of Opal v. Commissioner,54 T.C. 154, 165-166 (1970), affd. 450 F.2d 1085 (2d Cir. 1971); Estate of Schildkraut v. Commissioner,T.C. Memo. 1965-239, *713 affd. on this issue 368 F.2d 40, 44 (2d Cir. 1966); Allen v. United States,242 F. Supp. 687 (E.D.N.Y. 1965), affd. on other grounds, 359 F.2d 151 (2d Cir. 1966); Betts v. United States,239 F. Supp. 444 (N.D.N.Y. 1965). [4]
Even assuming arguendo that Mrs. Foster can use and consume the principal without limitation, she cannot appoint the property to herself and at her death the remaining property passes to decedent's children. As the Second Circuit said in United States v. Lincoln Rochester Trust Company,supra, a case in which the surviving spouse was given the right "to use any part of the principal" of the estate (297 F.2d at 892): While the widow might consume the principal, she might only do *714 so in good faith, and had no power to dispose of any portion not consumed, by gift or appointment to herself or others, by instrument intervivos or will, disposition of any portion not so consumed being governed by testator's will. We adhere to the ruling in May's Estate that this is not a power exercisable in all events. [297 F.2d at 893. Emphasis in original.] Petitioner argues that the Surrogate's Court, Madison County, New York, has allowed the marital deduction. We cannot, however, automatically accept the Surrogate's Court's decision. Commissioner v. Estate of Bosch,387 U.S. 456, 465 (1967). With all due respect to that court, we conclude that its decision cannot be supported under New York law. [5]
*715 To reflect the foregoing Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect at the time of decedent's death. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. A codicil to the will was executed December 3, 1971. Pursuant to the codicil, decedent bequeathed his interest in a bank account to his daughter, Louise Foster.↩
3. SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE. (a) ALLOWANCE OF MARITAL DEDUCTION.--For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b) and (c), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate. (b) LIMITATION IN THE CASE OF LIFE ESTATE OR OTHER TERMINABLE INTEREST.-- (1) GENERAL RULE.--Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest-- (A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and (B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse; (5) LIFE ESTATE WITH POWER OF APPOINTMENT IN SURVIVING SPOUSE.--In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse-- (A) the interest or such portion thereof so passing shall, for purposes of subsection (a), be considered as passing to the surviving spouse, and (B) no part of the interest so passing shall, for purposes of paragraph (1)(A), be considered as passing to any person other than the surviving spouse. This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events. Sec. 2056 has been amended to permit a deduction for a qualified life estate passing to a surviving spouse. Sec. 403(d)(1), Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 302. This amendment is effective for estates of decedents dying after December 31, 1981, and is thus inapplicable to the present case. Sec. 403(e)(1), Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 305.↩
4. Although some of these cases were decided under the predecessor of section 2056, section 812(e) of the Internal Revenue Code of 1939, the 1954 Code is the same as the 1939 Code in all respects relevant to the instant case. See Estate of Opal v. Commissioner,450 F.2d 1085, 1087-1088 (2d Cir. 1971), affg. 54 T.C. 154↩ (1970).
5. Petitioner also calls our attention to Estate of otto v. United States,451 F. Supp. 378↩ (D S D 1978). Those cases are distinguishable because they involve the issue of whether the decedent owned the entire farm at his death or whether the farm was the property of a parthership, only a half-interest in which was owned by the decedent. Unfortunately, they do not provide Support for petitioner's position in the instant case.