ESTATE OF PAUL RAISLER, DECEASED, MARTIN D. RAISLER AND RUTH WRIGHT, CO-EXECUTORS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Raisler v. Commissioner
Docket No. 10662-84.
United States Tax Court
T.C. Memo 1987-624; 1987 Tax Ct. Memo LEXIS 669; 54 T.C.M. (CCH) 1390; T.C.M. (RIA) 87624; December 29, 1987. Rodney A. Brown and John W. Hughes, for the petitioners. Barry J. Laterman, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined a deficiency in Federal estate tax in the amount of $ 66,386. After concessions, the sole issue for our decision is whether a testamentary disposition under the decedent's will benefiting the decedent's spouse qualifies for the marital deduction under section 2056. [1]
Martin D. Raisler and Ruth Wright, the co-executors of the Estate of Paul Raisler and petitioners herein were residents of Brooklyn, New York and Great Neck, New York, respectively, at the time this petition was filed. Some of the facts were stipulated and are so found. Paul Raisler ("decedent") died on May 17, 1980. Decedent's will provided in relevant part as follows: FIFTH: I give, devise and bequeath *671 sixty percent (60%) of my Estate, both real and personal, wheresoever situate and of whatever kind, of which I may die seized or possessed, to my EXECUTORS AND TRUSTEES, IN TRUST, upon the terms and conditions set forth herein: (1) To receive, hold, manage, invest and reinvest the same and to collect and receive the income thereof and to pay over the said income in equal monthly installments to my wife, MARY RAISLER, during her life; if the income for [sic] said trust fund is insufficient for living purposes, then I direct my Executors to pay over to my wife, in her sole discretion, at the end of each monthly installment [sic] or at such period that she may require same and makes demand for same, such additional sums as she may require out of the principal of said trust fund, it being my intention and purpose that for this power of invasion of the corpus of said trust fund, that my wife shall be the sole judge as to whatever additional sums that she desires shall be paid out of the principal of said trust funds. (2) Upon the death of my wife, MARY RAISLER, or in the event she shall have predeceased me, I direct my Executors and Trustees to distribute the principal of the herein *672 Trust Funds then remaining unto my son, Martin David Raisler, per stirpes. On or about September 25, 1980, petitioners filed a Form 706, United States Estate Tax Return on which they claimed a marital deduction in the amount of $ 311,630. Respondent disallowed the marital deduction to the extend of $ 208,131, which represented probate property passing pursuant to that portion of decedent's will quoted above. We must determine whether Mrs. Raisler's power to invade principal constitutes a general power of appointment within the meaning of section 2056(b). If so, the parties agree that decedent's estate is entitled to a marital deduction pursuant to section 2056(a). [2]
*673 Section 2056(b)(5) provides an exception to the general rule prohibiting a marital deduction for gifts of terminable interests. To satisfy the requirements of section 2056(b)(5), a surviving spouse must have a power to appoint the interest to herself or her estate or both. See section 20.2056(b)-5, Estate Tax Regs. A power of invasion qualifies under section 20.2056(b)-5, Estate Tax Regs., if it is unlimited, i.e., if -- the surviving spouse [has] the unrestricted power exercisable at any time during her life to use all or any part of the property subject to the power, and to dispose of it in any manner, including the power to dispose of it by gift (whether or not she has power to dispose of it by will). [Section 20.2056(b)-5(g)(3), Estate Tax Regs.]
New York law determines whether the power of invasion decedent granted to his spouse is sufficiently unrestricted so as to qualify as a general power of appointment. Morgan v. Commissioner,309 U.S. 78 (1940); Estate of Smith v. Commissioner,79 T.C. 974, 978 (1982). Respondent argues that decedent's spouse's power to consume does not rise to a power of appointment because first, she *674 did not have the power to appoint the property at her demise, and second, because her ability to consume the principal was limited by a requirement that she do so only in good faith. Petitioners contend that because New York law would not allow a trustee to question Mrs. Raisler's demand for principal, her power to invade and consume principal is unlimited under the terms of the will, and, therefore, it is equivalent to a power of appointment as is required for a marital deduction. Petitioners further argue that there is no requirement of good faith, or, in the alternative, that such a requirement is satisfied by the language of the will. For the reasons set forth below, we agree with respondent. [3]
*675 As noted above, whether Mrs. Raisler's power to invade corpus is tantamount to a power of appointment must be determined by reference to New York law. Respondent directs us to Estate of May v. Commissioner,32 T.C. 386 (1959), affd. 283 F.2d 853 (2d Cir. 1960). In May, the surviving wife received a life estate in the residuary estate along with the right, in the wife's sole discretion, "to invade and use the principal not only for necessities but generally for her comfort, happiness and well-being." There we concluded that the power held by the surviving wife to invade the principal was not unlimited because it was restricted to use and did not include the power to convey to herself or to her estate. Estate of May v. Commissioner, supra at 390. Respondent asserts that the power in the instant case is no broader than that in May. Respondent further argues that under New York law, an unrestricted power to consume and use the principal for living purposes is limited by a standard of good faith, and therefore is not a power exercisable in all events as required by section 2056(b)(5). United States v. Lincoln Rochester Trust Co.,297 F.2d 891, 893 (2d Cir. 1962); *676 Estate of Foster v. Commissioner,725 F.2d 201, 203 (2d Cir. 1984), affg. a Memorandum Opinion of this Court. Petitioners argue that the power at issue here is similar to the powers to invade corpus granted in In re Woollard's Will,295 N.Y. 390 (1946), and Estate of Springett,25 Misc.2d 68, 206N.Y.S. 2d 48 (Surr. Ct, 1960), and should be treated similarly. In Woollard, the relevant language of the will provided that decedent's spouse was entitled to "as much of the principal or corpus as she may deem necessary for her maintenance, comfort and well being (for which she shall not be required to make or file any account)" with the remainder over on her death. The New York Surrogate's Court held that the will gave the wife an "absolute right" to all the trust principal and corpus and ordered the trustees to pay said principal and corpus to the wife upon her demand. In Springett, the New York Surrogate's Court interpreted a will provision that the trustee should pay over to the testator's wife, at any time, such portion of the principal of the trust as she might say she required for proper maintenance and support. The court *677 concluded that the widow had the absolute right to demand the entire principal of the trust. Petitioners also argue that the good faith requirement is inapplicable to the instant case. Petitioners interpret the good faith requirement imposed by New York law as a subsidiary device to reinforce and protect a testator's intention to provide for remaindermen. Petitioner asserts that decedent was not concerned about the residue of the trust passing to his son since 40 percent of the estate already passed to him. Alternatively, petitioners argue that the good faith requirement is satisfied by the provision in article five of decedent's will which requires Mary Raisler to make a "demand" for the principal. In petitioners' view, the demand requirement here is indistinguishable from the requirement in Springett that the trustee accept the wife's statement demanding the principal or the judicially construed requirement in Woollard that the demand for principal be made in a written statement. Finally, petitioners have also argued that decedent intended to obtain the maximum marital deduction, and New York law requires that the testator's intent be given paramount importance. *678 We note at the outset that in Woollard the New York Court of Appeals affirmed the order of the Surrogate's Court which had construed the will as giving the wife "the absolute right" to all of the corpus, only after modifying the decree to provide that the surviving spouse was entitled to all of the income and "to such part of the corpus and principal * * * as she shall deem necessary for her maintenance, comfort or well-being." [Emphasis added.] As for petitioners' position that the good faith requirement is inapplicable here because it is not necessary to protect the remainderman's interest, we are not persuaded by petitioners' argument that decedent was not concerned about the remainderman since he had already received 40 percent of the estate. Accordingly, we see no reason to depart from the good faith requirement imposed generally under New York rulings upon the power of the surviving spouse to invade the corpus. Additionally, we must disagree with petitioners' alternative contention that the good faith requirement is satisfied by the provision in decedent's will that Mrs. Raisler make a demand for the principal. This case can be distinguished from Woollard in *679 which the court held that certification in writing met the good faith requirement, and Springett in which it was concluded that the testator intended that his wife's own certification would establish the test to be applied to the obligation to exercise good faith in exercising her power to invade. Foster v. Commissioner, supra at 203. Petitioners have provided no evidence that the demand requirement took the place of or fulfilled the good faith requirement, and we conclude from the language of the will that it would not do so. Finally, we address petitioners' assertion that the decedent's intent to secure the maximum marital deduction must be given effect. In support of this argument, petitioners have cited two cases from this Court in which we construed the disputed will provisions to allow a marital deduction as a result of our finding that the testator intended to obtain the marital deduction. Estate of Milliken v. Commissioner,70 T.C. 883 (1978); Estate of Todd v. Commissioner, 57T.C. 288 (1971). However, in the cases relied upon by petitioners, the wills contained specific and lengthy statements that the testator's intent was to *680 secure the marital deduction. Those statements served to interpret ambiguous provisions in such a way as to result in a maximum marital deduction. Here, however, the language of the will unambiguously sets forth the wishes of the testator, and statements of intent regarding the marital deduction, even if they existed, are not necessary or helpful for interpretation purposes. A statement regarding the maximum marital deduction cannot bootstrap itself into such a deduction where it is not supported by the language of the will. Because the facts and circumstances of this case differ in significant respects, Milliken and Todd are not controlling. It is clear under New York law that a spouse's broad lifetime power of invasion to use the principal "for living purposes," but with remainder over, does not qualify as a general power of appointment for the purpose of section 2056(b)(5). Estate of Foster v. Commissioner, supra;United States v. Lincoln Rochester Trust Co., supra;Estate of May v. Commissioner, supra;Estate of Pipe v. Commissioner,23 T.C. 99 (1954), affd. 241 F.2d 210 (2d Cir. 1957); Betts v. United States,239 F. Supp. 444 (N.D.N.Y. 1965); *681 Matteson v. United States,147 F. Supp 535 (N.D.N.Y. 1956). [4] Even assuming arguendo that Mrs. Raisler could use and consume the principal without limitation, she could not appoint the property to herself, and at her death the remaining property passes to decedent's son. As the Second Circuit stated in United States v. Lincoln Rochester Trust Co., supra:
While the widow might consume the principal, she might only do so in good faith, and had no power to dispose of any portion not consumed, by gift or appointment to herself or others, by instrument inter vivos or will, disposition of any portion not so consumed being governed by testator's will. We adhere to the ruling in May's Estate that this is not a power exercisable in all events. [297 F.2d at 893.] We must also adhere to the ruling of Estate of May v. Commissioner, supra, since in our opinion the power *682 granted to decedent's spouse is nobroader than the powers granted in any of the cases cited above. Accordingly, we hold that the interest created under article five of decedent's will was terminable, and, therefore, does not qualify for the marital deduction. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in question, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE. (a) ALLOWANCE OF MARITAL DEDUCTIONS. -- For purposes or the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b) and (c), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate. (b) LIMITATION IN THE CASE OF LIFE ESTATE OR OTHER TERMINABLE INTEREST. -- (1) GENERAL RULE. -- Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest -- (A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and (B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse; * * * (5) LIFE ESTATE WITH POWER OF APPOINTMENT IN SURVIVING SPOUSE. -- In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse -- (A) the interest or such portion thereof so passing shall, for purposes of subsection (a), be considered as passing to the surviving spouse, and (B) no part of the interest so passing shall, for purposes of paragraph (1)(A), be considered as passing to any person other than the surviving spouse.
This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events. ↩
3. The trial in this case consisted primarily of testimony by decedent's attorney who drafted the will and decedent's son who is a trustee. Respondent objected to the testimony of decedent's lawyer, and petitioner objected to several questions posed by respondent to decedent's son. We reserved rulings on those objections. Since we have concluded that this matter may be resolved without reference to any of the testimony by either witness, we need not rule on the parties' objections. ↩
4. Although some of these cases were decided under the predecessor to section 2056, section 812(e) of the Internal Revenue Code of 1939↩, the 1954 Code is the same as the 1939 Code in all respects relevant to the instant case.